IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19-_____ |
| | | DATE FILED: September 17, 2019 |
| v. | : | |
| | | VIOLATIONS: |
| DIMITRE HADJIEV | : | 18 U.S.C. § 1956(a)(3)(B) (money laundering – 1 count) |
| | : | 31 U.S.C. § 5324(b)(1) (failure to file record of financial transaction – 1 count) |
| | : | 31 U.S.C. § 5324(a)(3) (structuring of financial transaction – 1 count) |
| | | Notices of forfeiture |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1. Defendant DIMITRE HADJIEV was the sole operator of a jewelry store, Ice Fire Inc., located at 330 South Street, Philadelphia, PA, which was a nonfinancial trade or business engaging in interstate commerce.

2. As the operator of a nonfinancial business, defendant DIMITRE HADJIEV was required to file IRS Form 8300 for any cash payment over $10,000 within fifteen (15) days of the receipt of that cash payment.

3. From on or about November 21, 2014, to on or about August 15, 2018, Ice Fire Inc. had a business bank account, ending in 2480, at Wells Fargo Bank for which defendant DIMITRE HADJIEV was a signer.

4. On or about April 26, 2018, defendant DIMITRE HADJIEV purchased, for approximately $16,000 in cash, two Rolex watches with a retail value of approximately $71,900, one of which was a gold Cham Rom Rolex Oyster Perpetual Day-Date 4- Chronometer Chronergy watch, Model #M2228238-006, Serial #3192K5T0 ("Rolex #3192K5T0"), from an undercover agent ("the UC") with the Federal Bureau of Investigation, with both Rolex watches represented as stolen from outside Pennsylvania by the UC.

5. On or about May 8, 2018, defendant DIMITRE HADJIEV sold the allegedly stolen Rolex #3192K5T0 to an FBI confidential source ("the CS") for approximately $29,000 in cash, representing to the CS that the Rolex watch had been purchased from a jewelry store on South Street.

6. During the sale of the allegedly stolen Rolex #3192K5T0 to the CS, defendant DIMITRE HADJIEV asked the CS to pay in increments of less than $10,000 to avoid IRS reporting requirements, and defendant HADJIEV offered to falsify a receipt for items and services not purchased as a way to minimize sales tax and reporting requirements.

7. Defendant DIMITRE HADJIEV did not provide a receipt for the purchase of the Rolex #3192K5T0 to the CS.

8. On or about May 8, 2018, defendant DIMITRE HADJIEV deposited approximately $9,900 in cash into the Ice Fire Wells Fargo account ending in 2480.

9. On or about May 9, 2018, defendant DIMITRE HADJIEV deposited approximately $9,900 in cash into the Ice Fire Wells Fargo account ending in 2480.

10. On or about May 10, 2018, defendant DIMITRE HADJIEV deposited approximately $7,250 into the Ice Fire Wells Fargo account ending in 2480.

11. As of September 17, 2019, defendant DIMITRE HADJIEV had not filed an IRS Form 8300 for the $29,000 cash payment from the CS on May 8, 2018.

12. On or about May 8, 2018, in the Eastern District of Pennsylvania, defendant

**DIMITRE HADJIEV**

with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, conducted a financial transaction involving property represented to be the proceeds of a specified unlawful activity, that is, stolen goods with a value of more than $5,000 that had been transported interstate, in violation of Title 18, United States Code, Section 2314.

In violation of Title 18, United States Code, Section 1956(a)(3)(B).

**COUNT TWO**

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs 1 through 11 of Count One of this indictment are incorporated here.

    2.    From on or about May 8, 2018, to on or about September 17, 2019, in the Eastern District of Pennsylvania, defendant

**DIMITRE HADJIEV**

in connection with a transaction at Ice Fire Inc. relating to the sale of a Rolex watch to a confidential source, received $29,000 in cash and was required by law, pursuant to Title 31, United States Code, Section 5331, and the regulations promulgated thereunder, to file with the Financial Crimes Enforcement Network, within 15 days of his receipt of the $29,000, an IRS Form 8300 in the manner and form stated thereon, stating, among other things, the name and address of the person from whom he received the cash; the amount of cash received; and the date and nature of the transaction.   Knowing all of the foregoing facts, and for the purpose of evading the report requirements of Title 31, United States Code, Section 5331, defendant HADJIEV willfully caused Ice Fire Inc. to fail to supply the information and fail to file the required form.

    In violation of Title 31, United States Code, Section 5324(b)(1).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 through 11 of Count One of this indictment are incorporated here.

      2.      From on or about May 8, 2018, to on or about May 10, 2018, in the Eastern District of Pennsylvania, defendant

## DIMITRE HADJIEV

for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations promulgated thereunder, knowingly structured a transaction with a domestic financial institution by making the following cash deposits into a Wells Fargo Bank account ending in 2480 after receiving $29,000 in cash from a confidential source for the purchase of a Rolex watch on or about May 8, 2018:

      (a) Deposit of $9,900 on May 9, 2018; and

      (b) Deposit of $7,250 on May 10, 2018.

In violation of Title 31, United States Code, Section 5324(a)(3).

## NOTICE OF FORFEITURE NO. ONE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 1956, set forth in this indictment, defendant

**DIMITRE HADJIEV**

shall forfeit to the United States of America any property, real or personal, involved in such violation, and any property traceable to such property.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(1).

## NOTICE OF FORFEITURE NO. TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      As a result of the violations of Title 31, United States Code, Section 5324, set forth in this indictment, defendant

**DIMITRE HADJIEV**

shall forfeit to the United States of America any and all property, real or personal, involved in such violations and any property traceable to such property.

      2.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

           (a)      cannot be located upon the exercise of due diligence;

           (b)      has been transferred or sold to, or deposited with, a third party;

           (c)      has been placed beyond the jurisdiction of the Court;

           (d)      has been substantially diminished in value; or

           (e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 31, United States Code, Section 5317(c)(1)(B), incorporating Title 21, United States Code, Section 853(p), to seek

forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 31, United States Code, Section 5317(c).

**A TRUE BILL:**


_____
**GRAND JURY FOREPERSON**


_____
**WILLIAM M. McSWAIN**
**UNITED STATES ATTORNEY**