IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19-548 |
| | | DATE FILED: March 4, 2021 |
| v. | : | |
| | | VIOLATIONS: |
| DIMITRE HADJIEV | : | 18 U.S.C. § 1956(a)(3)(B) (money laundering – 1 count) |
| | : | 31 U.S.C. § 5324(b)(1) (failure to file record of financial transaction – 1 count) |
| | : | 31 U.S.C. § 5324(a)(3), (d)(2) (structuring of financial transaction – 2 counts) |
| | : | 18 U.S.C. § 2320(a) (trafficking in counterfeit goods |
| | : | 31 U.S.C. § 5324(a)(1), (d)(2) (structuring of financial transaction – 15 counts) |
| | : | Notices of forfeiture |

**SECOND SUPERSEDING INDICTMENT**

**COUNT ONE**

**THE GRAND JURY CHARGES THAT:**

At all times material to this second superseding indictment:

1. Defendant DIMITRE HADJIEV was the sole operator of a jewelry store, Ice Fire Inc., located at 330 South Street, Philadelphia, PA, which was a nonfinancial trade or business engaging in interstate commerce.

2. As the operator of a nonfinancial business, defendant DIMITRE HADJIEV was required to file IRS Form 8300 for any cash payment over $10,000 within fifteen (15) days of the receipt of that cash payment.

3. From on or about November 21, 2014, to on or about October 25, 2018, Ice Fire Inc. had a business bank account, ending in 2480, at Wells Fargo Bank for which defendant DIMITRE HADJIEV was a signer and which he used to conduct his business of buying and

selling jewelry, including watches.

4. On or about April 26, 2018, defendant DIMITRE HADJIEV purchased, for approximately $16,000 in cash, two Rolex watches with a retail value of approximately $71,900, one of which was a gold Cham Rom Rolex Oyster Perpetual Day-Date 4- Chronometer Chronergy watch, Model #M2228238-006, Serial #3192K5T0 ("Rolex #3192K5T0"), from an undercover agent ("the UC") with the Federal Bureau of Investigation, with both Rolex watches represented as stolen from outside Pennsylvania by the UC.

5. On or about May 8, 2018, defendant DIMITRE HADJIEV sold the allegedly stolen Rolex #3192K5T0 to an FBI confidential source ("the CS") for approximately $29,000 in cash, representing to the CS that the Rolex watch had been purchased from a jewelry store on South Street.

6. During the sale of the allegedly stolen Rolex #3192K5T0 to the CS, defendant DIMITRE HADJIEV asked the CS to pay in increments of less than $10,000 to avoid IRS reporting requirements, and defendant HADJIEV offered to falsify a receipt for items and services not purchased as a way to minimize sales tax and reporting requirements.

7. Defendant DIMITRE HADJIEV did not provide a receipt for the purchase of the Rolex #3192K5T0 to the CS.

8. On or about May 9, 2018, defendant DIMITRE HADJIEV deposited approximately $9,900 in cash into the Ice Fire Wells Fargo account ending in 2480.

9. On or about May 10, 2018, defendant DIMITRE HADJIEV deposited approximately $7,250 into the Ice Fire Wells Fargo account ending in 2480.

10. As of March 4, 2021, defendant DIMITRE HADJIEV had not filed an IRS Form 8300 for the $29,000 cash payment from the CS on May 8, 2018.

11. On or about May 8, 2018, in the Eastern District of Pennsylvania, defendant

**DIMITRE HADJIEV**

with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, conducted a financial transaction involving property represented to be the proceeds of a specified unlawful activity, that is, stolen goods with a value of more than $5,000 that had been transported interstate, in violation of Title 18, United States Code, Section 2314.

In violation of Title 18, United States Code, Section 1956(a)(3)(B).

**COUNT TWO**

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 through 10 of Count One of this second superseding indictment are incorporated here.

      2.      From on or about May 8, 2018, to on or about March 4, 2021, in the Eastern District of Pennsylvania, defendant

**DIMITRE HADJIEV**

in connection with a transaction at Ice Fire Inc. relating to the sale of a Rolex watch to a confidential source, received $29,000 in cash and was required by law, pursuant to Title 31, United States Code, Section 5331, and the regulations promulgated thereunder, to file with the Financial Crimes Enforcement Network, within 15 days of his receipt of the $29,000, an IRS Form 8300 in the manner and form stated thereon, stating, among other things, the name and address of the person from whom he received the cash; the amount of cash received; and the date and nature of the transaction.   Knowing all of the foregoing facts, and for the purpose of evading the report requirements of Title 31, United States Code, Section 5331, defendant HADJIEV willfully caused Ice Fire Inc. to fail to supply the information and fail to file the required form.

      In violation of Title 31, United States Code, Section 5324(b)(1).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 through 10 of Count One of this second superseding indictment are incorporated here.

      2.      From on or about May 8, 2018, to on or about May 10, 2018, in the Eastern District of Pennsylvania, defendant

## DIMITRE HADJIEV

for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations promulgated thereunder, knowingly structured a transaction with a domestic financial institution, that is, Wells Fargo Bank, as part of a pattern of illegal activity involving transactions of more than $100,000 in a twelve-month period by making the following cash deposits into a Wells Fargo Bank account ending in 2480 after receiving $29,000 in cash from a confidential source for the purchase of a Rolex watch on or about May 8, 2018:

(a) Deposit of $9,900 on May 9, 2018; and

(b) Deposit of $7,250 on May 10, 2018.

In violation of Title 31, United States Code, Section 5324(a)(3) and (d)(2).

## **COUNT FOUR**

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraph 1 of Count One of this second superseding indictment is incorporated here.

      2.      The United States Patent and Trademark Office ("USPTO") is an agency of the United States that provides for the examination and registration of trademarks and the dissemination of trademark information.  Through the registration of trademarks, the USPTO assists businesses in protecting their investments, promoting goods and services, and safeguarding consumers against confusion and deception in the marketplace.  Registration of a producer's trademark on the USPTO's principal register gives notice to the world of the producer's exclusive right to use and to protect that trademark.

      3.      A trademark is a word, name, phrase, symbol, or device or any combination of such items, intended to identify and distinguish one producer's goods from those of other producers and to indicate the source of the goods.  In short, a trademark is a brand name.

      4.      A counterfeit mark is: (a) a spurious mark used in connection with trafficking in goods; (b) identical with, or substantially indistinguishable from, a mark registered for those goods or services on the principal register in the USPTO and in use, whether or not the defendant knew such mark was registered; and (c) the use of which was likely to cause confusion, to cause mistake, or to deceive.

At all times material to this second superseding indictment:

5. Rolex Watch U.S.A. Inc. ("Rolex") was a United States company, had its principal place in New York, New York, was the exclusive distributor and warrantor in the United States of Rolex watches, and was the owner of several trademarks registered with the USPTO, including the trademark and trade name "ROLEX" and the trademark of an open crown device design.

6. Rolex registered trademarks on the principal register of the USPTO, including for use on watches, timepieces, clocks and jewelry. Rolex marked its products with its registered trademarks to distinguish them from its competitors' products and to assure the public of their quality and authenticity. All of Rolex's trademarks, including the trademark and trade name "ROLEX" and the trademark of an open crown device design, were registered with the USPTO at all times relevant to this second superseding indictment.

7. At no time did Rolex authorize, ratify, or acquiesce to the use of its trademarks by defendant DIMITRE HADJIEV, nor did any other person have the power to do so.

8. On or about August 22, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**DIMITRE HADJIEV**

trafficked in counterfeit goods, specifically, counterfeit Rolex watches and counterfeit Rolex watch parts, which contained spurious marks that were identical with and substantially indistinguishable from marks that were in use and registered on the principal register in the USPTO, the use of which counterfeit marks was likely to cause confusion, to cause mistake, and

7

to deceive, well knowing at all material times that these watches and watch parts were counterfeit.

In violation of Title 18, United States Code, Sections 2320(a)(1).

## COUNTS FIVE THROUGH NINETEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 and 3 of Count One of this second superseding indictment are incorporated here.

2. From on or about January 8, 2015, to on or about May 25, 2016, Ice Fire Inc. had a business bank account, ending in 5232, at TD Bank for which defendant DIMITRE HADJIEV was a signer.

3. From on or about October 25, 2014, to on or about May 17, 2016, defendant DIMITRE HADJIEV had a personal bank account, ending in 3450, at TD Bank.

4. From on or about March 9, 2016 through July 9, 2018, in the Eastern District of Pennsylvania, defendant

**DIMITRE HADJIEV**

for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, and as part of a pattern of illegal activity involving transactions of more than $100,000, in a twelve-month period, knowingly caused and attempted to cause domestic financial institutions, that is, TD Bank and Wells Fargo Bank, to fail to file Currency Transaction Reports ("CTR") for currency transactions in excess of $10,000, by making or causing to be made multiple deposits totaling more than $10,000 on the same day, with each deposit in increments of less than $10,000, including, but not limited to, the following deposits in an account with TD Bank in the name of Ice Fire Inc., ending in 5232, an account with TD Bank in the name of Dimitre Hadjiev, ending in 3450, and an account with Wells Fargo

9

Bank in the name of Ice Fire Inc., ending in 2480, with deposits constituting separate counts as indicated below:

| Count | Account Holder | Financial Institution | Last four digits of account number | Date of Deposits | Amount of Deposits |
|---|---|---|---|---|---|
| 5 | Ice Fire Inc. | TD Bank | 5232 | 03/09/2016 | $9,900.00 |
|   | Hadjiev | TD Bank | 3450 | 03/09/2016 | $1,000.00 |
| 6 | Ice Fire Inc. | TD Bank | 5232 | 03/23/2016 | $9,900.00 |
|   | Hadjiev Inc. | TD Bank | 3450 | 03/23/2016 | $3,000.00 |
| 7 | Ice Fire Inc. | TD Bank | 5232 | 04/18/2016 | $5,500.00 |
|   | Ice Fire Inc. | TD Bank | 5232 | 04/18/2016 | $4,500.00 |
|   | Hadjiev | TD Bank | 3450 | 04/18/2016 | $ 500.00 |
| 8 | Ice Fire Inc. | TD Bank | 5232 | 05/02/2016 | $9,900.00 |
|   | Ice Fire Inc. | TD Bank | 5232 | 05/02/2016 | $3,000.00 |
|   | Hadjiev | TD Bank | 3450 | 05/02/2016 | $ 900.00 |
| 9 | Ice Fire Inc. | Wells Fargo | 2480 | 01/03/2017 | $9,920.00 |
| 10 | Ice Fire Inc. | Wells Fargo | 2480 | 02/06/2017 | $9,300.00 |
| 11 | Ice Fire Inc. | Wells Fargo | 2480 | 02/13/2017 | $9,900.00 |
| 12 | Ice Fire Inc. | Wells Fargo | 2480 | 02/16/2017 | $9,700.00 |
| 13 | Ice Fire Inc. | Wells Fargo | 2480 | 04/17/2017 | $9,950.00 |
| 14 | Ice Fire Inc. | Wells Fargo | 2480 | 05/25/2017 | $9,960.00 |
| 15 | Ice Fire Inc. | Wells Fargo | 2480 | 08/01/2017 | $6,000.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 08/01/2017 | $3,400.00 |
| 16 | Ice Fire Inc. | Wells Fargo | 2480 | 10/16/2017 | $8,900.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 10/16/2017 | $1,590.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 10/16/2017 | $ 830.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 10/16/2017 | $2,600.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 10/16/2017 | $ 860.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 10/16/2017 | $ 80.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 10/16/2017 | $2,800.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 10/16/2017 | $1,000.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 10/16/2017 | $ 820.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 10/16/2017 | $ 980.00 |
| 17 | Ice Fire Inc. | Wells Fargo | 2480 | 01/02/2018 | $9,980.00 |
| 18 | Ice Fire Inc. | Wells Fargo | 2480 | 04/02/2018 | $ 800.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 04/02/2018 | $ 950.00 |
|   | Ice Fire Inc | Wells Fargo | 2480 | 04/02/2018 | $9,000.00 |
| 19 | Ice Fire Inc. | Wells Fargo | 2480 | 05/30/2018 | $2,100.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 05/30/2018 | $9,900.00 |

All in violation of Title 31, United States Code, Sections 5324(a)(1) and (d)(2).

## COUNT TWENTY

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs 1 and 3 of Count One of this second superseding indictment is incorporated here.

    2.    Defendant DIMITRE HADJIEV was a signer for the following business bank accounts for Ice Fire Inc, which defendant HADJIEV used in his business of buying and selling jewelry, including watches.:

        a.    From on or about January 8, 2015 to on or about May 25, 2016, an account, ending in 5232, at TD Bank;

        b.    From on or about October 1, 2018 to on or about December 31, 2018, an account ending in 4140, at Citizens Bank.

    3.    From on or about March 3, 2016 through August 15, 2018, in the Eastern District of Pennsylvania, defendant

## DIMITRE HADJIEV

for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations promulgated thereunder, knowingly structured the following transactions with domestic financial institutions, that is, TD Bank. Wells Fargo Bank and Citizens Bank, by making the following cash deposits into a TD Bank account in the name of Ice Fire Inc., ending in 5232, a Wells Fargo Bank account in the name of Ice Fire Inc., ending in 2480, and a Citizens Bank account in the name of Dimitre's Ice Fire, Inc.:

| Paragraph | Account Holder | Financial Institution | Last four digits of account number | Date of Deposit | Amount of Deposit |
|---|---|---|---|---|---|
| 4 | Ice Fire Inc. | TD Bank | 5232 | 03/03/2016 | $9,300.00 |
| 5 | Ice Fire Inc. | TD Bank | 5232 | 03/04/2016 | $9,000.00 |
| 6 | Ice Fire Inc. | TD Bank | 5232 | 05/06/2016 | $9,900.00 |
| 7 | Ice Fire Inc | Wells Fargo | 2480 | 01/04/2017 | $8,600.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 01/04/2017 | $ 685.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 01/04/2017 | $ 450.00 |
| 8 | Ice Fire Inc. | Wells Fargo | 2480 | 01/05/2017 | $9,920.00 |
| 9 | Ice Fire Inc. | Wells Fargo | 2480 | 01/23/2017 | $9,980.00 |
| 10 | Ice Fire Inc. | Wells Fargo | 2480 | 01/24/2017 | $9,980.00 |
| 11 | Ice Fire Inc. | Wells Fargo | 2480 | 02/09/2017 | $9,900.00 |
| 12 | Ice Fire Inc. | Wells Fargo | 2480 | 02/10/2017 | $5,000.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 02/10/2017 | $4,000.00 |
| 13 | Ice Fire Inc. | Wells Fargo | 2480 | 02/14/2017 | $9,900.00 |
| 14 | Ice Fire Inc. | Wells Fargo | 2480 | 02/15/2017 | $9,980.00 |
| 15 | Ice Fire Inc. | Wells Fargo | 2480 | 02/17/2017 | $9,960.00 |
| 16 | Ice Fire Inc. | Wells Fargo | 2480 | 02/23/2017 | $9,720.00 |
| 17 | Ice Fire Inc. | Wells Fargo | 2480 | 02/27/2017 | $9,000.00 |
| 18 | Ice Fire Inc. | Wells Fargo | 2480 | 02/28/2017 | $9,000.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 02/28/2017 | $ 900.00 |
| 19 | Ice Fire Inc. | Wells Fargo | 2480 | 03/03/2017 | $8,500.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 03/03/2017 | $ 565.00 |
| 20 | Ice Fire Inc. | Wells Fargo | 2480 | 03/13/2017 | $9,900.00 |
| 21 | Ice Fire Inc. | Wells Fargo | 2480 | 03/20/2017 | $9,000.00 |
| 22 | Ice Fire Inc. | Wells Fargo | 2480 | 04/07/2017 | $9,200.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 04/07/2017 | $ 450.00 |
| 23 | Ice Fire Inc. | Wells Fargo | 2480 | 04/14/2017 | $9,900.00 |
| 24 | Ice Fire Inc. | Wells Fargo | 2480 | 05/03/2017 | $9,950.00 |
| 25 | Ice Fire Inc. | Wells Fargo | 2480 | 05/09/2017 | $9,800.00 |
| 26 | Ice Fire Inc. | Wells Fargo | 2480 | 05/11/2017 | $9,960.00 |
| 27 | Ice Fire Inc. | Wells Fargo | 2480 | 05/12/2017 | $6,800.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 05/12/2017 | $3,000.00 |
| 28 | Ice Fire Inc. | Wells Fargo | 2480 | 05/15/2017 | $ 20.00 |
|   | Ice Fire Inc. | Wells Fargo | 2480 | 05/15/2017 | $9,780.00 |
| 29 | Ice Fire Inc. | Wells Fargo | 2480 | 05/22/2017 | $9,980.00 |
| 30 | Ice Fire Inc. | Wells Fargo | 2480 | 06/06/2017 | $9,900.00 |
| 31 | Ice Fire Inc. | Wells Fargo | 2480 | 06/09/2017 | $9,977.00 |
| 32 | Ice Fire Inc. | Wells Fargo | 2480 | 06/20/2017 | $9,960.00 |
| 33 | Ice Fire Inc. | Wells Fargo | 2480 | 06/21/2017 | $9,980.00 |
| 34 | Ice Fire Inc. | Wells Fargo | 2480 | 07/03/2017 | $9,983.00 |
| 35 | Ice Fire Inc. | Wells Fargo | 2480 | 08/28/2017 | $9,960.00 |
| 36 | Ice Fire Inc. | Wells Fargo | 2480 | 09/27/2017 | $9,000.00 |
| 37 | Ice Fire Inc. | Wells Fargo | 2480 | 10/23/2017 | $9,500.00 |
| 38 | Ice Fire Inc. | Wells Fargo | 2480 | 10/25/2017 | $9,000.00 |
| 39 | Ice Fire Inc. | Wells Fargo | 2480 | 10/27/2017 | $9,470.00 |
| 40 | Ice Fire Inc. | Wells Fargo | 2480 | 10/30/2017 | $9,900.00 |
| 41 | Ice Fire Inc. | Wells Fargo | 2480 | 10/31/2017 | $9,900.00 |
| 42 | Ice Fire Inc. | Wells Fargo | 2480 | 11/09/2017 | $9,500.00 |

| Paragraph | Account Holder | Financial Institution | Last four digits of account number | Date of Deposit | Amount of Deposit |
|---|---|---|---|---|---|
| 43 | Ice Fire Inc. | Wells Fargo | 2480 | 11/10/2017 | $9,500.00 |
| 44 | Ice Fire Inc. | Wells Fargo | 2480 | 11/13/2017 | $9,500.00 |
| 45 | Ice Fire Inc. | Wells Fargo | 2480 | 01/19/2018 | $9,900.00 |
| 46 | Ice Fire Inc. | Wells Fargo | 2480 | 02/14/2018 | $9,500.00 |
| 47 | Ice Fire Inc. | Wells Fargo | 2480 | 03/22/2018 | $9,900.00 |
| 48 | Ice Fire Inc. | Wells Fargo | 2480 | 03/23/2018 | $9,800.00 |
| 49 | Ice Fire Inc. | Wells Fargo | 2480 | 03/28/2018 | $9,900.00 |
| 50 | Ice Fire Inc. | Wells Fargo | 2480 | 04/08/2018 | $9,400.00 |
| 51 | Ice Fire Inc. | Wells Fargo | 2480 | 04/17/2018 | $9,900.00 |
| 52 | Ice Fire Inc. | Wells Fargo | 2480 | 04/24/2018 | $9,850.00 |
| 53 | Ice Fire Inc. | Wells Fargo | 2480 | 05/04/2018 | $9,960.00 |
| 54 | Ice Fire Inc. | Wells Fargo | 2480 | 05/08/2018 | $9,900.00 |
| 55 | Ice Fire Inc. | Wells Fargo | 2480 | 05/22/2018 | $9,000.00 |
| 56 | Ice Fire Inc. | Wells Fargo | 2480 | 06/05/2018 | $9,660.00 |
| 57 | Ice Fire Inc. | Wells Fargo | 2480 | 06/11/2018 | $9,950.00 |
| 58 | Ice Fire Inc. | Wells Fargo | 2480 | 06/12/2018 | $9,960.00 |
| 59 | Ice Fire Inc. | Wells Fargo | 2480 | 06/13/2018 | $9,980.00 |
| 60 | Ice Fire Inc. | Wells Fargo | 2480 | 06/22/2018 | $9,986.00 |
| 61 | Ice Fire Inc. | Wells Fargo | 2480 | 07/03/2018 | $9,930.00 |
| 62 | Ice Fire Inc. | Wells Fargo | 2480 | 07/19/2018 | $10,000.00 |
| 63 | Ice Fire Inc. | Wells Fargo | 2480 | 07/26/2018 | $9,000.00 |
| 64 | Ice Fire Inc. | Wells Fargo | 2480 | 07/27/2018 | $9,000.00 |
| 65 | Ice Fire Inc. | Wells Fargo | 2480 | 08/15/2018 | $10,000.00 |
| 66 | Ice Fire Inc. | Citizens Bank | 4140 | 10/01/2018 | $9,000 |
| 67 | Ice Fire Inc. | Citizens Bank | 4140 | 10/09/2018 | $9,000 |
| 68 | Ice Fire Inc. | Citizens Bank | 4140 | 10/22/2018 | $9,980 |
| 69 | Ice Fire Inc. | Citizens Bank | 4140 | 10/25/2018 | $9,960 |
| 70 | Ice Fire Inc. | Citizens Bank | 4140 | 11/15/2018 | $9,900 |
| 71 | Ice Fire Inc. | Citizens Bank | 4140 | 11/19/2018 | $9,996 |
| 72 | Ice Fire Inc. | Citizens Bank | 4140 | 11/26/2018 | $9,960 |
| 73 | Ice Fire Inc. | Citizens Bank | 4140 | 11/29/2018 | $9,980 |

74. Defendant DIMITRE HADJIEV committed these acts set forth in this count as part of a pattern of illegal activity involving transactions of more than $100,000 in a twelve-month period.

All in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2).

## NOTICE OF FORFEITURE NO. ONE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 1956, set forth in this superseding indictment, defendant

**DIMITRE HADJIEV**

shall forfeit to the United States of America any property, real or personal, involved in such violation, and any property traceable to such property, including, but not limited to, the sum of $29,000 in United States currency.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(1).

## NOTICE OF FORFEITURE NO. TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.     As a result of the violations of Title 31, United States Code, Section 5324, set forth in this superseding indictment, defendant

**DIMITRE HADJIEV**

shall forfeit to the United States of America any and all property, real or personal, involved in such violations and any property traceable to such property, including, but not limited to, $978,266 in United States currency.

      2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

      (a)     cannot be located upon the exercise of due diligence;

      (b)     has been transferred or sold to, or deposited with, a third party;

      (c)     has been placed beyond the jurisdiction of the Court;

      (d)     has been substantially diminished in value; or

      (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 31, United States Code, Section 5317(c)(1)(B), incorporating Title 21, United States Code, Section 853(p), to seek

forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 31, United States Code, Section 5317(c).

## NOTICE OF FORFEITURE NO. THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

   1. As a result of the violations of Title 18, United States Code, Sections 2320(a)(1), set forth in this superseding indictment, defendant

## DIMITRE HADJIEV

shall forfeit to the United States of America:

   (a) Any article, the making or trafficking of which is, prohibited under 18 U.S.C. § 2320;

   (b) Any property used, or intended to be used, in any manner or part to commit or facilitate the commission of a violation of 18 U.S.C. § 2320; and/or

   (c) Any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of a violation of 18 U.S.C. § 2320.

   2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 2323(b) incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 2323.

                                                    **A TRUE BILL:**

                                                    _____

                                                    **GRAND JURY FOREPERSON**

_____
**JENNIFER ARBITTIER WILLIAMS**
**ACTING UNITED STATES ATTORNEY**