**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 19-548** |
| **DIMITRE HADJIEV** | **:** | |

## <u>GOVERNMENT'S REVISED PROPOSED JURY INSTRUCTIONS</u>

The United States of America, by its attorneys, Jacqueline C. Romero,

United States Attorney for the Eastern District of Pennsylvania, K.T. Newton, Assistant United

States Attorney for the district, respectfully submits the following proposed revised jury

instructions pursuant to Federal Rule of Criminal Procedure 30 and requests leave to file any

supplemental instructions as may appear necessary and proper.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

<u>/s K.T. Newton</u>
K. T. NEWTON
Assistant United States Attorney

Date:  November 20, 2022

1

## GOVERNMENT'S REVISED PROPOSED JURY INSTRUCTIONS - AMENDMENTS

The following instructions have been revised or added:

Gov't Request 6 – amended to reflect trial evidence

Gov't Request 7 – amended in response to defendant's objection

Gov't Request 8 – amended to better reflect nature of the indictment

Gov't Request 10 – amended to correct typographical error

Gov't Request 12 – amended to include witness names

Gov't Request 13 – amended to reflect that audio recordings were in English language

Gov't Request 14 – amended to reflect multiple recordings

Gov't Request 15 – amended in response to defendant's objection and to remove
    Special Agent Eric Updoke as an expert witness

Original Gov't Request 16 – removed to reflect that no lay witnesses gave opinion testimony

Gov't Request 16 (current) – amended to reflect summary chart was for bank deposit records

Gov't Request 17 (added) - Charts and Summaries - Underlying Evidence Not Admitted

Gov't Request 18 – amended to reflect stipulation entered by the parties

Original Gov't Request 19 – removed to reflect that no issue of defects in chain of custody was
    raised

Gov't Request 19 (had been #20) – amended to reflect trial evidence

Gov't Request 20 (original) – removed to reflect trial evidence

Gov't Request 21 (original – was removed to reflect trial evidence

Gov't Request 20 (had been #22) – witness name added

Gov't Request 21 (had been #23) – witness names added

Gov't Request 22 (had been #24) – witness names added

Gov't Request 23 (had been #25) – defendant's name added

Gov't Request 24 (had been #26) – no change

Gov't Request 25 (had been #27) – witness names added, "allegedly" added to "represented as stolen" and "removing the serial number"

Gov't Request 26 (had been #28) – "and other FBI Special Agents" added to "FBI Task Force Officer John Benham"

Gov't Request 27 (had been #29) – no change

Gov't Request 28 (had been #30) – no change

Gov't Request 29 (had been #31) – no change

Gov't Request 30 (had been #32) – no change

Gov't Request 31 (had been #33) – no change

Gov't Request 32 (had been #34) – last sentence amended to read "The term 'financial institution' includes a bank insured by the Federal Deposit Insurance Corporation, known as the FDIC."

Gov't Request 33 (had been #35) – no change

Gov't Request 34 (had been #36) – no change

Gov't Request 35 (had been #37) – no change

Gov't Request 36 (had been #38) – no change

Gov't Request 37 (had been #39) – no change

Gov't Request 38 (had been #40) – no change

Gov't Request 39 (added) – in response to defense objection - Structuring of Financial Transactions – The Statute Defining the Offenses Charged Under 31 U.S.C. §5324 (Counts 3 and 5 through 24)

Gov't Request 40 (had been #41) – amended to better reflect elements of charge for 31 U.S.C. §5324(a)(3)

Gov't Request 41 (had been #42) – amended to add "knowingly and willfully" to third element

Gov't Request 42 (new) – definition of Currency Transaction

Gov't Request 43 (new) – definition of Structuring

Gov't Request 44 (new) – Failure of Financial Institution to File Report

Gov't Request 45 (new) – Different Branches of the Same Financial Institution

Gov't Request 46 (had been #43) – no change

Gov't Request 47 (new) – Intent Requirement of Structuring

Gov't Request 48 (new) – Motive and Source of Structured Funds

Gov't Request 49 (had been #44) – no change

Gov't Request 50 (had been #45) – no change

Gov't Request 51 (had been #46) – no change

Gov't Request 52 (had been #47) – title corrected to "Trafficking in Counterfeit Goods – Financial Gain Defined"

Gov't Request 53 (had been #48) – no change

Gov't Request 54 (had been #49) – no change

Gov't Request 55 (had been #50) – no change

Gov't Request 56 (had been #51) – no change

Gov't Request 57 (had been #52) – no change

Gov't Request 58 (had been #53) – no change

Original Gov't Request 54 – removed, as the instruction is covered in the following instruction

Gov't Request 59 (had been #55) – no change

Gov't Request 6- (had been #56) – no change

## GOV'T'S REQUEST NO. 6

**Witnesses Not Named at Trial**

As you have heard, witnesses generally state their names when they testify.  I have allowed one of the government's witnesses, the undercover officer, to testify without providing his name.  The anonymity of this witness is related only to the general nature of his work and related safety concerns

---

*See, e.g., Nelson v. Crowley,* 2009 WL 498909, at *5 (S.D.N.Y. Feb.23, 2009) (finding that allowing an undercover officer to testify anonymously for safety reasons did not violate the Confrontation Clause's prohibition against anonymous accusers and absentee witnesses).
.

## GOV'T'S REQUEST NO. 7

### Presumption of Innocence; Burden of Proof; Reasonable Doubt

The defendant, Dimitre Hadjiev, pleaded not guilty to the offenses charged.  Every defendant is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Dimitre Hadjiev unless and until the government has presented evidence that overcomes that presumption by convincing you that Dimitre Hadjiev is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find Dimitre Hadjiev not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Dimitre Hadjiev has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that Dimitre Hadjiev is guilty and this burden stays with the government throughout the trial.

In order for you to find Dimitre Hadjiev guilty of the offenses charged, the government must convince you that that Dimitre Hadjiev is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.  Dimitre Hadjiev may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to

act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.06 (2015).

## GOV'T'S REQUEST NO. 8

**Nature of the Indictment**

As you know, defendant Dimitre Hadjiev is charged in the Indictment with violating federal law, specifically: in Count 1, conducting a financial transaction involving property represented to be the proceeds of specified unlawful activity, a Rolex watch represented to him as stolen, in violation of 18 U.S.C. § 1956(a)(3); in Count 2, failure to file a record of his sale of that watch for $29,000 in cash, in violation of 31 U.S.C. § 5324(b)(1); in Count 3, to evade reporting requirements, structuring cash deposits from that $29,000 sale by making two cash deposits of $10,000 or less, one on May 9 and one on May 10, 2018, into a bank account he controlled, in violation of 31 U.S.C. § 5324(a)(3); Count 4, trafficking in counterfeit Rolex watches and Rolex watch parts, in violation of 18 U.S.C. § 2320; Counts 5 through 23, structuring and attempting to structure cash deposits of more than $10,000 with a domestic financial institution in a single day into multiple deposits, with each deposit being $10,000 or less, and causing and attempting to cause the financial institutions to fail to file Currency Transaction Reports required for currency transactions in excess of $10,000, with more than $100,000 in structured transactions conducted in a twelve month period, in violation of 31 U.S.C. § 5324(a)(1) and (d)(2); and Count 24, structuring cash deposits of $10,000 or less in a single day with domestic financial institutions to evade the financial institutions' Currency Transaction Report filing requirement, with more than $100,000 in structured transactions in a twelve month period, in violation of 31 U.S.C. § 5324(a)(3) and (d)(2).

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not

evidence of anything, and you should not give any weight to the fact that Dimitre Hadjiev has

been indicted in making your decision in this case.

_____

       Third Circuit Model Jury Instructions (Criminal) 3.07.

## GOV'T'S REQUEST NO. 9

### "On or About"

You will note that the indictment charges that the offenses were committed "on or about" certain dates. The Government does not have to prove with certainty the exact dates of the alleged offenses. It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.08 (2015) (unmodified).

## GOV'T'S REQUEST NO. 10

**Venue**

The indictment alleges that some act in furtherance of the offense charged occurred here in the Eastern District of Pennsylvania. There is no requirement that all aspects of the offense charged take place here in the Eastern District of Pennsylvania. But for you to return a guilty verdict, the government must convince you that some act in furtherance of the crime charged took place here in the Eastern District of Pennsylvania.

Unlike all the elements that will describe, this fact only has to be proved by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that some act in furtherance of the crime took place here.

Remember that the government must prove all the elements I will describe beyond a reasonable doubt.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.09 (2015) (modified as noted).

17

## GOV'T'S REQUEST NO. 11

### Separate Consideration – Single Defendant Charged with Multiple Offenses

The defendant Dimitre Hadjiev is charged with several offenses and each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.12 (2015) (unmodified).

## **GOV'T'S REQUEST NO. 12**

**Audio/Video Recordings – Consensual**

During the trial you heard audio and video recordings of conversations with defendant Dimitre Hadjiev made without his knowledge. These recordings were made with the consent and agreement of Eric Gray, the Undercover Officer, and Ethel Harvey, who were each one of the other parties to those conversations.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

_____

Third Circuit Model Jury Instruction (Criminal) 4.04.

19

## **GOV'T'S REQUEST NO. 13**

**Audio/Video Recordings - Transcripts**

You have heard audio recordings <u>in the English language</u> that were received in evidence, and you <u>saw</u> written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

The transcripts name the speakers. But remember, you must decide who you actually heard speaking in the recording. The names on the transcript were used simply for your convenience.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.06 (2018) (modified as shown).

## GOV'T'S REQUEST NO. 14

**Transcript of Recording In Foreign Language**

During the trial, you listened to recordings in <u>Bulgarian</u>. You saw a transcript of the recording which was admitted into evidence. The transcript was a translation of the foreign language recording.

Although some of you may know <u>Bulgarian</u>, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.07 (2018) (modified as shown).

**GOV'T'S REQUEST NO. 15**

**Opinion Evidence (Expert Witnesses)**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Ryan Volker and Marc Esposito.

Because of his knowledge, skill, experience, training and education with Rolex Watch U.S.A. in the field of Rolex watch identification and authentication, Mr. Volker was permitted to offer opinions in that field and the reasons for those opinions.

Because of his knowledge, skill, experience, training and education with Rolex Watch U.S.A. in the field of Rolex operations, sales and trademark and brand recognition, Mr. Esposito was permitted to offer opinions in that field and the reasons for those opinions.

The opinions these witnesses stated should receive whatever weight you think appropriate, given all the other evidence in the case.  In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.  You may disregard the opinions entirely if you decide the opinions of Mr. Volker, Mr. Esposito or Special Agent Updike are not based on sufficient knowledge, skill, experience, training, or education.  You may also disregard the opinions if you conclude that the reasons given in support of those opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

---

3rd Circuit Model Criminal Jury Instructions, No. 4.08 (2018) (modified as noted).

## GOV'T'S REQUEST NO. 16

## Charts and Summaries - Underlying Evidence Admitted

The government presented certain summary charts in order to help explain the facts

disclosed by the bank deposit records of defendant Dimitre Hadjiev which were admitted as

evidence in the case.  The summary charts are not themselves evidence or proof of any facts.  If

the summary charts do not correctly reflect the evidence in the case, you should disregard them

and determine the facts from the underlying evidence.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.08 (2018) (modified as noted).

23

**GOV'T'S REQUEST NO. 17**

**Charts and Summaries - Underlying Evidence Not Admitted (F.R.E. 1006)**

A summary chart offered by the government was admitted into evidence.  You may use that summary chart as evidence, even though the recordings of all of the watch examinations conducted by Ryan Volker have not been admitted into evidence.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.08 (2018) (modified as noted).

**GOV'T'S REQUEST NO. 18**

**Stipulations of Fact**

The Government and the defendant have agreed that <u>TD Bank, Wells Fargo Bank and Citizens Bank were all insured by the Federal Deposit Insurance Corporation between January 1, 2015 and December 31, 2018</u>.  You should therefore treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

_____

Third Circuit Model Jury Instruction (Criminal) 4.02 (modified as noted).

25

**GOV'T'S REQUEST NO. 19**

**<u>Credibility of Witnesses – Law Enforcement Officer</u>**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

———————————

3rd Circuit Model Criminal Jury Instructions, No. 4.18 (2018) (unmodified).

## GOV'T'S REQUEST NO. 20

**<u>Impeachment of Witness - Prior Bad Acts (F.R.E. 608(b))</u>**

You heard evidence that <u>Rahman Halimi</u>, a witness, committed <u>bank robberies</u>.

You may consider this evidence, along with other pertinent evidence, only in deciding

whether to believe <u>Rahman Halimi</u> and how much weight to give his testimony.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.24 (2018) (modified as noted).

GOV'T'S REQUEST NO. 21

**<u>Impeachment of Witness - Prior Conviction (F.R.E. 609)</u>**

You heard evidence that <u>Eric Gray, Ethel Harvey and Rahman Haliami</u>, witness<u>es</u>, w<u>ere</u> previously convicted of crime<u>s</u> involving dishonesty or false statement). You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe <u>Eric Gray,</u> <u>Ethel Harvey or Rahman</u> Halimi and how much weight to give to <u>Eric Gray, Ethel Harvey and</u> <u>Rahman Haliami's</u> testimony.

————————————

3rd Circuit Model Criminal Jury Instructions, No. 4.25 (2018) (modified as noted).

**GOV'T'S REQUEST NO. 22**

**Credibility of Witnesses - Cooperating Witnesses**

You have heard evidence that witnesses <u>Eric Gray and Rahman Halimi</u> made a plea agreement with the government, and that witness <u>Ethel Harvey</u> received a benefit from the government, in exchange for their participation in the investigation and testimony.

Their testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of individuals who have reached a plea bargain with the government or received a benefit from the government in exchange for their testimony, but you should consider the testimony of <u>Eric Gray, Rahman Halimi and Ethel Harvey</u> with great care and caution. In evaluating the testimony of <u>Eric Gray, Rahman Halimi and Ethel Harvey</u>, you should consider these factors along with the others I have called to your attention. Whether or not the testimony of <u>Eric Gray or Rahman Halimi</u> may have been influenced by the plea agreement or whether or not the testimony of <u>Ethel Harvey</u> may have been influenced by the benefit she received is for you to determine. You may give their testimony such weight as you think it deserves.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.19 (2018) (modified as noted).

**GOV'T'S REQUEST NO. 23**

<u>**Defendant's Choice not to Testify or Present Evidence**</u>

Defendant <u>Dimitre Hadjiev</u> did not testify *(did not present evidence)* in this case. A defendant has an absolute constitutional right not to testify *(or to present any evidence).* The burden of proof remains with the prosecution throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent. You must not attach any significance to the fact that a defendant did not testify. You must not draw any adverse inference against a defendant because he did not take the witness stand. Do not consider, for any reason at all, the fact that defendant <u>Dimitre Hadjiev</u> did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

---------------------

3rd Circuit Model Criminal Jury Instructions, No. 4.27 (2018) (modified as shown).

**GOV'T'S REQUEST NO. 24**

**<u>Defendant's Testimony</u>**

In a criminal case, a defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, defendant <u>Dimitre Hadjiev</u> testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.28 (2018) (modified as shown).

## GOV'T'S REQUEST NO. 25

**Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b))**

You have heard and saw evidence testimony about the following:

1. Video recording of a meeting between Eric Gray and defendant Dimitre Hadjiev on April 17, 2017, and testimony of Eric Gray and law enforcement officers about that meeting during which Eric Gray sold Hadjiev two Rolex watches that he allegedly represented as stolen.

2. Video recording of two meetings between Eric Gray and defendant Dimitre Hadjiev on October 20, 2017, and testimony of Eric Gray and law enforcement officers about those meetings during which Eric Gray sold Hadjiev two Rolex watches that he allegedly represented as stolen.

3. Audio recording of a meeting between Eric Gray, the Undercover Officer and defendant Dimitre Hadjiev on February 6, 2018, and testimony of the Undercover Officer and law enforcement officers about this meeting during which Eric Gray introduced the Undercover Officer to Dimitre Hadjiev and the Undercover Officer offered watches allegedly represented as stolen for sale to Hadjiev.

The evidence of these acts was admitted for limited purposes – for the purpose of deciding, with respect to the acts for which Hadjiev is on trial in Counts One through Three: (a) whether Dimitre Hadjiev knew that Eric Gray and the Undercover Officer offered watches represented as stolen for sale and that serial numbers of stolen watches were a concern; (b) whether Dimitre Hadjiev intended to engage in the business of buying stolen Rolex watches for cash for as low a price as he could negotiate and to buy additional stolen watches; (c) whether Dimitre Hadjiev understood the coded language used during those meetings; and (d) whether Dimitre Hadjiev did not commit the acts with which he is charged in the Indictment in Counts One through Three by accident or mistake. Do not consider this evidence for any other purpose.

You also have heard and saw evidence testimony about the following:

4.  Testimony of the Undercover Officer about a conversation during a meeting between the Undercover Officer and defendant Dimitre Hadjiev on April 26, 2018 in which Hadjiev told the Undercover Officer that he needed a Rolex Sky Dweller for a client who wanted that watch, and September 18, 2018 text messages between the Undercover Officer and Dimitre Hadjiev concerning a Rolex Sky Dweller watch.

5.  Video recording of two meetings between the Undercover Officer and defendant Dimitre Hadjiev on January 23, 2019 and testimony of the Undercover Officer and law enforcement officers about those meetings during which the Undercover Officer sold Hadjiev three Rolex watches that he represented as stolen, one of which was a Rolex Sky Dweller.

The evidence of these acts was also admitted for limited purposes – for the purpose of deciding, with respect to the acts for which Dimitre Hadjiev is on trial in Counts One through Three: (a) whether Dimitre Hadjiev intended to engage in the business of buying stolen Rolex watches for cash for as low a price as he could negotiate; (b) whether Dimitre Hadjiev's motive in purchasing stolen Rolex watches was to make a profit from the sale of those watches; and (c) whether Dimitre Hadjiev did not commit the acts with which he is charged in the Indictment in Counts One through Three by accident or mistake.  Do not consider this evidence for any other purpose.

6.  Text messages from February 1, 2016, March 31, 2016, and June 6, 2016 between defendant Dimitre Hadjiev with J.G., an individual identified as "Kika," discussing serial numbers in the sale of high-end watches.

This evidence of these acts was also admitted only for limited purposes - for the purpose of deciding, with respect to the acts for which Dimitre Hadjiev is on trial in Counts One through Three: whether Hadjiev's motive for allegedly removing the serial number on a watch sold to him by the Undercover Officer and then sold by him to Ethel Harvey was because of his concern with serial numbers on watches, and his knowledge that those watches can be tracked and identified as stolen through their serial numbers.  Do not consider this evidence for any other purpose.

33

7. Text message from March 6, 2016, discussing Hadjiev's sale of Rolexes with fake bracelets.

This evidence of this act was also admitted only for a limited purpose - for the purpose of deciding, with respect to the acts for which Dimitre Hadjiev is on trial in Count Four: (a) whether Dimitre Hadjiev knew that Rolex watch parts he sold were counterfeit; (b) that Dimitre Hadjiev intended to sell watches with counterfeit parts; and (c) whether Dimitre Hadjiev did not commit the acts with which he is charged in the Indictment in Count Four by accident or mistake.    Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purposes that I described to you.

Defendant Dimitre Hadjiev is not on trial for committing these other acts.  You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that defendant Dimitre Hadjiev is on trial here only for the acts charged in the Indictment, not for these other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the Indictment beyond a reasonable doubt.

_____

Third Circuit Model Jury Instructions (Criminal) 4.29 (modified for facts)

34

**GOV'T'S REQUEST NO. 26**

**<u>Prior Statement of Defendant - Single Defendant on Trial</u>**

The government introduced evidence that the defendant <u>Dimitre Hadjiev</u> made statements <u>to FBI Task Force Officer John Benham, and other FBI Special Agents</u>. You must decide whether <u>Dimitre Hadjiev</u> did in fact make those statements.  If you find that <u>Dimitre Hadjiev</u> did make the statements, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning <u>Dimitre Hadjiev</u> himself and the circumstances under which the statement was made.

If, after considering the evidence, you determine that a statement, was made voluntarily, you may give it such weight as you feel it deserves under the circumstances. On the other hand, if you determine that the statement was not made voluntarily, you must disregard it. In determining whether any alleged statement was made voluntarily, you should consider <u>Dimitre Hadjiev</u>'s age, training, education, occupation, and physical and mental condition, and his treatment while in custody or under interrogation as shown by the evidence in the case. Also consider all other circumstances in evidence surrounding the making of the alleged statement.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.32 (2018) (modified as noted).

**GOV'T'S REQUEST NO. 27**

**Impeachment of Defendant - Prior Bad Acts (F.R.E. 608(b))**

You heard evidence that the defendant Dimitre Hadjiev on a previous occasion committed (*describe bad act elicited on cross-examination of defendant*). You may consider that evidence only to help you decide whether to believe Dimitre Hadjiev's testimony and how much weight to give it. That evidence does not mean that Dimitre Hadjiev committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.35 (2018) (modified as noted).

36

**GOV'T'S REQUEST NO. 28**

**Impeachment of Defendant - Prior Inconsistent Statement Not Taken in Violation of _Miranda_**

You will recall that Dimitre Hadjiev testified during the trial on his own behalf. You will also recall that there was evidence that Dimitre Hadjiev made certain statements before trial. *(Describe the statements to differentiate it from those admitted just to impeach.)* These earlier statement*(s)* by Dimitre Hadjiev were brought to your attention in part to help you decide if you believe what the defendant testified to here in court. If you find that Dimitre Hadjiev once said something different, then you should decide if what he said here in court was true. In addition, however, you may consider the earlier statements as evidence of Dimitre Hadjiev's guilt.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.38 (2018) (modified as noted).

37

**GOV'T'S REQUEST NO. 29**

**<u>Defendant's Character Evidence</u>**

You have heard *(reputation)(opinion)(reputation and opinion)* evidence about whether defendant <u>Dimitre Hadjiev</u> has a character trait for *(name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.)*.

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charges*)* beyond a reasonable doubt.

———————————

3rd Circuit Model Criminal Jury Instructions, No. 4.39 (2018) (modified as noted).

# GOV'T'S REQUEST NO. 30

**<u>Impeachment of Defendant's Character Witness</u>**

<u>If character witness testified to reputation:</u> You heard *(name of witness)* testify about the defendant's reputation for *(insert character trait covered by testimony)*. On cross-examination of *(name of witness)*, the prosecutor asked *(him)(her)* some questions about whether *(he)(she)* had heard that *(briefly describe the subject of the cross-examination on the character trait, e.g., defendant was convicted of fraud on an earlier occasion)*. The prosecutor was allowed to ask these questions only to test whether *(name of witness)* was familiar with the reputation of the defendant in the community. This is not evidence that the acts described in these questions actually occurred.

You may not use the information developed by the prosecutor on this subject for any other purpose. Specifically, you may not use this information to conclude that the defendant committed the act*(s)* charged in the indictment or as proof that the defendant has a bad character or any propensity to commit crimes.

<u>If character witness testified to opinion:</u> You heard *(name of witness)* testify about the defendant's character for *(insert character trait covered by testimony)*. On cross-examination of *(name of witness)*, the prosecutor asked *(him)(her)* some questions about whether *(he)(she)* knew that *(briefly describe the subject of the cross-examination on the character trait, e.g., defendant was convicted of fraud on an earlier occasion)*. The prosecutor was allowed to ask these questions only to test whether *(name of witness)* had a good basis for *(his)(her)* opinion of the defendant's character. This is not evidence that the acts described in these questions actually occurred.

You may not use the information developed by the prosecutor on this subject for any other purpose. Specifically, you may not use this information to conclude that the defendant committed the act*(s)* charged in the indictment or as proof that the defendant has a bad character or any propensity to commit crimes.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.40 (2018) (unmodified).

GOV'T'S REQUEST NO. 31

**Money Laundering-Sting - Elements of the Offense (18 U.S.C. §1956(a)(3)(B))**

Count 1 of the Indictment charges defendant Dimitre Hadjiev with conducting a financial transaction involving property represented to be the proceeds of specified unlawful activity, which is a federal crime.

In order to find Dimitre Hadjiev guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that, on or about the date alleged in the Indictment, Dimitre Hadjiev conducted a financial transaction, which affected interstate commerce;

Second, that the property involved in the financial transaction was represented by a law enforcement officer to be the proceeds of specified unlawful activity, that is, the receipt of stolen property worth $5,000 or more, that had been transported interstate;

Third, that Dimitre Hadjiev believed that the transaction involved the proceeds of some form of unlawful activity;

Fourth, Dimitre Hadjiev acted with the intent either to conceal or disguise the nature, location, source, ownership, or control of the property which he believed to be the proceeds of specified unlawful activity, that is, the receipt of stolen property worth $5,000 or more, that had been transported interstate.

I shall discuss with you the law relating to this charge.

_____

*See* Third Circuit Model Jury Instructions (Criminal) 6.18.1956A; 18 U.S.C.§ 1956(a)(3).

**GOV'T'S REQUEST NO. 32**

**Money Laundering-Sting – Conducting a Financial Transaction Defined**

The first element the government must prove beyond a reasonable doubt is that Dimitre Hadjiev conducted a financial transaction.

The term "conducts" includes initiating, concluding, or participating in, initiating, or concluding a transaction.

The term "transaction" includes a purchase or sale and, with respect to a financial institution, includes the deposit, withdrawal, transfer between accounts, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means effected.

The term "financial transaction" means any "transaction," as I just explained that term, which involves the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The term "financial institution" includes a bank insured by the Federal Deposit Insurance Corporation, also known as the FDIC.

_____

*See* Third Circuit Model Jury Instruction (Criminal) 6.18.1956-1; 18 U.S.C. § 1956(c)(2); 18 U.S.C. § 1956(c)(4); 31 U.S.C. § 5312(a)(2).

GOV'T'S REQUEST NO. 33

**Money Laundering-Sting – Interstate Commerce Defined**

The term "interstate commerce," as used in these instructions, means commerce between any combination of states, territories or possessions of the United States.

In determining whether the government has proven the interstate or foreign commerce element, only a minimal effect on interstate or foreign commerce is required.  As to each financial transaction, the ways in which the government can prove that the financial transaction affected interstate commerce include:  (a) if the government proves beyond a reasonable doubt that the funds which were involved in the financial transaction were withdrawn from an FDIC insured bank; or (b) if the government proves beyond a reasonable doubt that the funds which were involved in the financial transaction were subsequently deposited into an FDIC insured bank.

---------------------------------------

*See* Third Circuit Model Jury Instruction (Criminal) 6.18.1956-2; *United States v. Benjamin*, 252 F.3d 1, 9 (1st Cir. 2001) (banks' FDIC certificate sufficient to establish that transactions involving bank had at least a de minimis effect on interstate commerce); *United States v. Peay*, 972 F.2d 71, 74-75 (4th Cir. 1992) (same); *see also United States v. Oliveros*, 275 F.3d 1299 (11th Cir. 2001) (interstate commerce nexus for financial transactions established because FBI's bank, from which funds for transaction came, was engaged in business in interstate commerce); <u>*United States v. Laurenzana*, 113 F.3d 689, 692 & n. 1 (7th Cir.1997)</u> (reiterating "that the connection to interstate commerce required for a money-laundering offense need only be 'incidental' to the transaction").

GOV'T'S REQUEST NO. 34

**Money Laundering-Sting – Belief that Property Represents Proceeds of a Specified Unlawful Activity**

The third element that the government must prove beyond a reasonable doubt is that in conducting a financial transaction Dimitre Hadjiev believed that the property involved in the financial transaction represented the proceeds of some form of unlawful activity. To satisfy this element, the government must prove that Dimitre Hadjiev believed the property involved in the transaction represented proceeds from some form of unlawful activity, that is a felony offense under state, federal, or foreign law. The government is not required to prove that Dimitre Hadjiev knew what the unlawful activity was.

In this case, the government claims that that the property was proceeds derived from unlawful activity, that is, receipt of stolen property worth $5,000 or more that had been transported interstate, which is a felony under federal law.

_____

*See* Third Circuit Model Jury Instruction (Criminal) 6.18.1956-4; 18 U.S.C. § 2315.

**GOV'T'S REQUEST NO. 35**

**<u>Money Laundering-Sting – Proceeds of a Specified Unlawful Activity Defined</u>**

The term "proceeds," as used in these instructions, means any property, or any interest in property, that someone acquires or retains as a result of criminal activity.

I instruct you, as a matter of law, that the receipt, possession, sale or disposal of goods with a value of $5,000 or more, which have crossed a state boundary after having been stolen, is a specified unlawful activity.

_____

*See* Third Circuit Model Jury Instruction (Criminal) 6.18.1956-3; 18 U.S.C. § 1956(c)(7); 18 U.S.C. § 1961(1)(B).

**GOV'S REQUEST NO. 36**

**Money Laundering-Sting – Representation by Undercover Officer that Property is Proceeds of a Specified Unlawful Activity**

The representation by a law enforcement officer that the property involved in the financial transaction was the proceeds of specified unlawful activity does not need to be an express representation.  Instead, the representation can be either express or implied.  The representation by the law enforcement officer is sufficient if the law enforcement officer made the defendant aware of circumstances from which a reasonable person would infer that the property was the proceeds of specified unlawful activity.

---------------------------------------

*See, e.g., United States v. Nelson*, 66 F.3d 1036, 1041 (9th Cir. 1995); *United States v. Starke,* 62 F.3d 1374, 1382 (11th Cir. 1995) (to satisfy representation element of 18 U.S.C. § 1956(a)(3), government need only prove that law enforcement officer or other authorized person made defendant aware of circumstances from which reasonable person would infer that property was drug proceeds); *United States v. Jensen,* 69 F.3d 906, 911 (8th Cir. 1995) (representation by undercover officer that money is drug money may be implied by officer); *United States v. Arditti*, 955 F.2d 331, 339 (5th Cir. 1992) (undercover agent not required to expressly "recite the alleged illegal source of [the] . . . property at the time he attempts to transfer it in a 'sting' operation"); *see also United States v. Wydermyer,* 51 F.3d 319, 327–28 (2d Cir.1995) ("fact-specific" inquiry whether agent's statements sufficiently convey that money to be laundered derived from a specified offense).

**GOV'T'S REQUEST NO. 37**

**Money Laundering-Sting – Intent to Conceal or Disguise Defined**

The final element that the government must prove beyond a reasonable doubt is that defendant Dimitre Hadjiev, in conducting the financial transaction, intended to conceal or disguise the nature, the source, the ownership, or the control of the proceeds of the specified unlawful activity, that is, the receipt, possession, sale or disposal of goods with a value of $5,000 or more, which have crossed a state boundary after having been stolen.

Whether Dimitre Hadjiev knew that the purpose of the financial transaction was to conceal or disguise the nature, location, source, ownership or control of the proceeds of the specified criminal activity may be established by proof of Dimitre Hadjiev's actual knowledge; by circumstantial evidence; or by the defendant's willful blindness or purposeful ignorance.  In other words, you are entitled to find from the circumstances surrounding the financial transaction the purpose of that activity and Dimitre Hadjiev's knowledge.

_____

*See* Third Circuit Model Jury Instruction (Criminal) 6.18.1956-5

**GOV'T'S REQUEST NO. 38**

**Failure to File Record of Financial Transaction - Elements of the Offense**
**(18 U.S.C. §1956(a)(3)(B))**

Count 2 of the Indictment charges defendant Dimitre Hadjiev with , the failure to file a record of a financial transaction, which is a federal crime.

In order to find Dimitre Hadjiev guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that Dimitre Hadjiev knew of the requirement for a nonfinancial business to report receipt of more than $10,000 in cash in one transaction or two or more related transactions; and

Second, that, on or about the date alleged in the Indictment, Dimitre Hadjiev knowingly caused or attempted to cause a nonfinancial business not to file a report of a cash transaction of more than $10,000, for the purpose of evading this reporting requirement.

_____

*See* 31 U.S.C. § 5324(b)(1).

GOV'T'S REQUEST NO. 39

**Structuring of Financial Transactions – The Statute Defining the Offenses Charged
Under 31 U.S.C. §5324 (Counts 3 and 5 through 24)**

Sections 5324(a)(1) and 5324(a)(3) of Title 31 of the United States Code provide, in

part, that whoever "for the purpose of evading the reporting requirements of section 5313 (a). .

. cause(s) or attempt(s) to cause a domestic financial institution to fail to file a report required

under Section 5313(a) . . . or structure[s] or assist[s] in structuring, or attempt[s] to structure or

assist in structuring, any transaction with one or more domestic financial institutions . . ." shall

be guilty of a crime against the United States.

Additionally, Section 5324(d) of Title 31 of the United States Code provides, in part,

that "whoever violates [Section 5324(a)(1) or Section 5324(a)(3) of Title 31 of the United

States Code] . . . as part of a pattern of any illegal activity involving more than $100,000 in a

12-month period . . ." shall be guilty of a crime against the United States.

Section 5313(a) and its implementing regulations require the filing of a government form

called a Currency Transaction Report or a CTR. Section 5313(a) of Title 31 of the United States

Code provides, in part, that "[w]hen a domestic financial institution is involved in a transaction

for the payment, receipt, or transfer of United States coins or currency . . . in an amount,

denomination, or amount and denomination [proscribed by the Secretary of the Treasury], the

institution . . . shall file a report on the transaction [as proscribed by the Secretary of the

Treasury]."

Acting under the authority granted by Congress in this statute, the Secretary of

Treasury adopted Title 31, Code of Federal Regulations §§ 103.22 (b)(1) and (c)(2), which

provides, in part, "[e]ach financial institution other than a casino shall file a report of each

deposit [and], withdrawal . . ., by, through, or to such financial institution which involves a transaction in currency of more than $10,000, except as otherwise provided in this section.

      .  .  .

      In the case of financial institutions other than casinos, for purposes of this section, multiple currency transactions shall be treated as a single transaction if the financial institution has knowledge that they are by or on behalf of any person and result in either cash in or cash out totaling more than $10,000 during any one business day."

_____

31 U.S.C. §§ 5324(a) and (d)(2); 31 U.S.C. § 5313(a); 31 C.F.R. §§ 103.22 (b)(1) and (c)(2)).

## GOV'T'S REQUEST NO. 40

### Structuring of Financial Transactions – Elements of the Offense (31 U.S.C. § 5324(a)(3)) (Counts 3 and 24)

Counts 3 and 24 charge defendant Dimitre Hadjiev with structuring transactions with one or more domestic financial institutions in order to evade the CTR reporting requirements of the financial institutions.

As I explained to you, federal law and regulations require that every domestic financial institution which engages in a currency transaction of over $10,000 must file a Currency Transaction Report for that transaction.  The report must be filed with the Internal Revenue Service furnishing, among other things, the identity and address of the person engaging in the transaction, the date of the currency transaction and the amount of the currency transaction.

For you to find defendant Dimitre Hadjiev guilty of this crime, you must be convinced that the government has proved each of the following three elements beyond a reasonable doubt:

One:    That the defendant knowingly structured a currency transaction;

Two:    That the defendant knew of the domestic financial institution's legal obligation to report currency transactions in excess of $10,000; and

Three:  That the purpose of the structured currency transaction was to evade that reporting obligation.

(Adapted from Federal Jury Practice and Instructions, Patten Jury Instructions: Fifth Circuit, Criminal Cases, § 2.99.

**GOV'T'S REQUEST NO. 41**

**Structuring of Financial Transactions - Elements of the Offense (31 U.S.C. §5324(a)(1))**

Counts 5 through 23 of the Indictment charge defendant Dimitre Hadjiev with causing, or attempting to cause, a financial institution to fail to file a required report, which is a federal crime.

In order to find Dimitre Hadjiev guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that Dimitre Hadjiev engaged in one or more transactions at a financial institution;

Second, that Dimitre Hadjiev had knowledge that a financial institution is required to report currency transactions in amounts more than $10,000;

Third, that Dimitre Hadjiev knowingly and willfully structured cash deposits with a domestic financial institution in a single day, with each deposit less than $10,000, but the total of the deposits for that day being more than $10,000;

Fourth, Hadjiev acted with the intent to evade the reporting requirements of the domestic financial institution.

.

_____

*See* 31 U.S.C. § 5324(a)(1).

**GOV'T'S REQUEST NO. 42**

**<u>Definition of Currency Transaction</u>**

      The term "currency transaction" means the physical transfer of currency from one person or entity to another.

_____

Federal Jury Practice and Instructions, <u>Patten Jury Instructions: Fifth Circuit, Criminal Cases,</u> § 2.99.

**GOV'T'S REQUEST NO. 43**

**<u>Definition of Structuring</u>**

      A person structures a transaction if that person, acting alone or with others, conducts one or more currency transactions in any amount, at one or more financial institutions, on one or more days, for the purpose of evading the reporting requirements described earlier. Structuring includes breaking down a single sum of currency exceeding $10,000 into smaller sums, or conducting a series of currency transactions, including transactions at or below $10,000.  Illegal structuring can exist even if no transaction exceeded $10,000 at any single financial institution on any single day.

_____

Federal Jury Practice and Instructions, <u>Patten Jury Instructions: Fifth Circuit, Criminal Cases</u>, § 2.99.

**GOV'T'S REQUEST NO. 44**

**Failure of Financial Institution to File Report**

You may find the defendant guilty of unlawfully structuring a transaction whether or not the financial institution filed, or failed to file, a true and accurate currency transaction report.

_____

Federal Jury Practice and Instructions, Patten Jury Instructions: Seventh Circuit, Criminal Cases, Title 31 Offenses.

**GOV'T'S REQUEST NO. 45**

**Different Branches of the Same Financial Institution**

      A financial institution includes all of the different branches of that financial institution.

---

*United States v. Besmajian*, 910 F.2d 1153, 1158 (3d Cir. 1990) ("regulations define a bank as including its branches); *United Sates v. Giancola*, 783 F.2d 1549, 1552 (11th Cir. 1986) (same).

**GOV'T'S REQUEST NO. 46**

**Structuring of Financial Transactions – Aggravated Structuring (31 U.S.C. §5324(d)(2))**

Counts 3 and 5 through 24 of the Indictment charge defendant Dimitre Hadjiev with aggravated structuring of financial transactions.

If you find defendant Dimitre Hadjiev guilty on any of Counts 3, or 5 through 24, you must then determine if Dimitre Hadjiev committed aggravated structuring.

In order to find that Dimitre Hadjiev committed aggravated structuring, you must find that the government proved beyond a reasonable doubt that Dimitre Hadjiev engaged in a pattern of structured transactions, amounting to more than $100,000 of structured cash deposits within a 12 month period.

.

.

_____

*See* 31 U.S.C. § 5324(d)(2).

**GOV'T'S REQUEST NO. 47**

**Intent Requirement for Structuring**

You may find that defendant Dimitre Hadjiev knew of the CTR reporting requirement and that he intended to evade that requirement based on the actual admissions of Dimitre Hadjiev, or by drawing reasonable inferences based on his conduct. In other words, you may infer from the manner in which Dimitre Hadjiev conducted his financial transactions – dates, times, and places where the transaction occurred and the amount of money involved in each transaction – and from statements that he may have made, that Dimitre Hadjiev was aware of the CTR reporting requirement and that his purpose was to evade it.

While the government must prove that the defendant knew of the reporting requirement and that he intended to evade it, the government does not have to prove that Dimitre Hadjiev knew that evading the requirement was illegal. The defendant's belief that he could lawfully evade the CTR requirement by structuring his transactions is not a defense.

---

31 U.S.C. § 5324; *United States v. MacPherson*, 424 F.3d 183, 191 (2d Cir. 2005) (holding that "jury that convicted [defendant] could have reasonably inferred from the fact that the defendant chose to deposit a quarter-million dollars through a series of thirty-two small transactions, all under $10,000 that he knew of the reporting requirements applicable to cash transactions over $10,000 and was intent on avoiding them"); *United States v. Pang*, 362 F.3d 1187, 1193 (9th Cir. 2004) (after 1994 statutory "amendments, the prosecution needs to prove 'that there as an intent to evade the reporting requirement' but does not need to also prove 'that the defendant knew that structuring was illegal'" (citing H.R. Rep. 103-438 at 22 (1994)); *United States v. Ahmad*, 213 F.3d 805, 809 (4th Cir. 2000) (noting that, "[i]n 1994, Congress amended § 5322 to eliminate the willfulness requirement with respect to structuring violations under § 5324; *United States v. Ismail,* 97 F.3d 50, 56 (4th Cir. 1996) ("[T]he Government will not have to prove that defendants knew that structuring is illegal to establish a violation of § 5324"); Federal Jury Practice and Instructions, Patten Jury Instructions: Fifth Circuit, Criminal Cases, § 2.99).

**GOV'T'S REQUEST NO. 48**

**<u>Motive and Source of Structured Funds</u>**

To prove a structuring offense under Sections 5324(a)(1) or 5324(a)(3), the Government need not prove that the structured funds were derived from any illegal source. Nor does the Government have to show what motivated the defendant to attempt to evade the reporting requirement.

_____

*United States v. MacPherson*, 424 F.3d 183, 193 (2d Cir. 2005) (noting that "Section 5324 makes no reference to the source of the monies at issue or to the reason why a person seeks to avoid CTR filings"; rather "[i]ts singular focus is on the *method* employed to evade that filing requirement, *i.e.,* structuring").

**GOV'T'S REQUEST NO. 49**

**<u>Trafficking in Counterfeit Goods (18 U.S.C. §2320(a)(1))</u>**

Count 4 of the Indictment charges defendant Dimitre Hadjiev with trafficking in counterfeit goods.

In order to find Dimitre Hadjiev guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that Dimitre Hadjiev trafficked or attempted to traffic in goods or services;

Third, that Hadjiev knowingly used a "counterfeit mark" on or in connection with such goods or services; and

Fourth, that Hadjiev knew that the mark so used was counterfeit.

_____

*See* 18 U.S.C. § 2320(a)(1); 5th Circuit Pattern Jury Instructions (Criminal Cases) 2.90A.

**GOV'T'S REQUEST NO. 50**

**Trafficking in Counterfeit Goods – Counterfeit Mark Defined**

The term "counterfeit mark" means "a spurious mark"

1. "that is used in connection with trafficking in any goods, … documentation, or packaging of any type or nature";

2. "that is identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark Office and in use, whether or not the defendant [Dimitre Hadjiev] knew such mark was so registered";

3. "the use of which is likely to cause confusion, to cause mistake, or to deceive."

To meet the definition of a counterfeit mark, the government must show that

(1)     The counterfeit mark was not genuine or authentic;

(2)     The counterfeit mark was identical to or substantially indistinguishable from a genuine mark owned by another;

(3)     The genuine mark was registered on the principal register in the United States Patent and Trademark Office;

(4)     The genuine mark had been in use by the mark-holder or its licensee;

(5)     The counterfeit mark was used "on or in connection with" the defendant's Dimitre Hadjiev's goods or services;

(6)     The counterfeit mark was used "in connection with" the type of goods or services for which the protected mark was registered; and

(7)     The counterfeit mark was used in a manner "likely to cause confusion, to

cause   mistake, or to deceive."

The prosecution is not required to prove that the defendant ever had an intent to deceive or

defraud anyone.  The government simply has to prove that the use of the spurious trademark is

likely in the future to cause either confusion, mistake or deception of the public in general

_____

*See* 18 U.S.C. § 2320(f)(1)(a); Prosecuting Intellectual Property Crimes, *Trafficking in Counterfeit Trademarks, Service Marks, and Certification Marks* (4th ed.); *United States v. Yamin,* 868 F.2d 130, 132 (5th Cir. 1989).

**GOV'T'S REQUEST NO. 51**

**<u>Trafficking in Counterfeit Goods – Trafficking Defined</u>**

"'[T]he term 'traffic' means "to transport, transfer, or otherwise dispose of, to another, for purposes of commercial advantage or private financial gain, or to make, import, export, obtain control of, or possess, with intent to so transport, transfer, or otherwise dispose of."

_____

*See* 18 U.S.C. § 2320(f)(5).

**GOV'T'S REQUEST NO. 52**

**<u>Trafficking in Counterfeit Goods – Financial Gain Defined</u>**

"[T]he term 'financial gain' includes the receipt, or expected receipt, of anything of value."

_____

*See* 18 U.S.C. § 2320(f)(1)(a); Prosecuting Intellectual Property Crimes, *Trafficking in Counterfeit Trademarks, Service Marks, and Certification Marks* (4th ed.).

**GOV'T'S REQUEST NO. 53**

**Proof of Required State of Mind – Intentionally, Knowingly, Willfully**

Often the state of mind, such as intent or knowledge, with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking.  However, Dimitre Hadjiev's state of mind can be proved indirectly from the surrounding circumstances.  Thus, to determine Dimitre Hadjiev's state of mind *(*what he intended or knew*)* at a particular time, you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at that time.  It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Dimitre Hadjiev's state of mind.

You may also consider the natural and probable results or consequences of any acts Dimitre Hadjiev knowingly did, and whether it is reasonable to conclude that he intended those results or consequences.  You may find, but you are not required to find, that Dimitre Hadjiev knew and intended the natural and probable consequences or results of acts he knowingly did.  This means that if you find that an ordinary person in Dimitre Hadjiev's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that Hadjiev did know and did intend that those consequences would result from his actions.  This is entirely up to you to decide as the finders of the facts in this case.

_____

Third Circuit Model Jury Instructions (Criminal) 5.01.

**GOV'T'S REQUEST NO. 54**

**<u>Knowingly</u>**

       The offenses of money laundering – sting, failure to file a record of a financial transaction, structuring of financial transactions and trafficking in counterfeit goods charged in the Indictment require that the government prove that Dimitre Hadjiev acted "knowingly" with respect to certain elements of the offenses.  This means that the government must prove beyond a reasonable doubt that Dimitre Hadjiev was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

       In deciding whether Dimitre Hadjiev acted "knowingly," you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in Dimitre Hadjiev's mind at that time.

       The government is not required to prove that Dimitre Hadjiev knew his acts were against the law.

_____

       Third Circuit Model Jury Instructions (Criminal) 5.02.

**GOV'T'S REQUEST NO. 55**

**<u>Intentionally</u>**

The offense of money laundering - sting charged in the Indictment require that the government prove that Dimitre Hadjiev acted "intentionally" with respect to certain elements of the offense.  This means that the government must prove beyond a reasonable doubt either that (1) it was Dimitre Hadjiev's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) Dimitre Hadjiev knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether Dimitre Hadjiev acted "intentionally", you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in Dimitre Hadjiev's mind at that time.

_____

Third Circuit Model Jury Instructions (Criminal) 5.03.

## GOV'T'S REQUEST NO. 56

**Willful Blindness**

To find Dimitre Hadjiev guilty of money laundering – sting, you must find that the government proved beyond a reasonable doubt that Hadjiev believed that the Rolex watch that he sold on May 8, 2018 for $29,000 and that he had purchased from the undercover officer on April 26, 2018 was stolen.  In this case, there is a question whether Hadjiev believed that the watch was stolen.  When, as in this case,  belief of a particular fact or circumstance is an essential part of the offense charged, the government may prove that Hadjiev believed that fact or circumstance if the evidence proves beyond a reasonable doubt that Hadjiev deliberately closed his eyes to what would otherwise have been obvious to him.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious. Thus, you may find that Dimitre Hadjiev believed that the watch he purchased from the undercover officer on April 26, 2018 and then sold on May 8, 2018 based on evidence which proves that: (1) Hadjiev believed that that there was a high probability that this circumstance existed, and (2) Hadjiev consciously took deliberate actions to avoid learning about the existence of this circumstance.

You may not find that Dimitre Hadjiev believed that the watch he purchased from the undercover officer on April 26, 2018 and then sold on May 8, 2018 if you find that the defendant actually believed that this circumstance did not exist.  Also, you may not find that Hadjiev believed hat the watch he purchased from the undercover officer on April 26, 2018 and then sold on May 8, 2018 if you find only that Hadjiev consciously disregarded a risk that the circumstance existed, or that Hadjiev should have known that the circumstance existed, or that a reasonable person would have known of a high probability that the circumstance existed.  It is not enough

that Dimitre Hadjiev may have been reckless or stupid or foolish, or may have acted out of

inadvertence or accident.  You must find that Dimitre Hadjiev subjectively believed there was a

high probability that the watch he purchased from the undercover officer on April 26, 2018 and

then sold on May 8, 2018 was stolen, consciously used deliberate efforts to avoid knowing  about

it, and did not actually believe that it did not exist.

_____

     Third Circuit Model Jury Instructions (Criminal) 5.06 [modified to substitute belief for knowledge].

**GOV'T'S REQUEST NO. 57**

**Motive Explained**

Motive is not an element of the offenses with which Dimitre Hadjiev is charged.  Proof of bad motive is not required to convict.  Further, proof of bad motive alone does not establish that Dimitre Hadjiev is guilty and proof of good motive alone does not establish that Dimitre Hadjiev is not guilty.  Evidence of Dimitre Hadjiev motive may, however, help you find his intent.

Intent and motive are different concepts.  Motive is what prompts a person to act.  Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.  However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

_____

Third Circuit Model Jury Instructions (Criminal) 5.04.

## GOV'T'S REQUEST NO. 58

**<u>Jury Recollection Controls</u>**

        If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

        You are the sole judges of the evidence received in this case.

---

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.07 (6th ed. 2010) (unmodified); <u>United States v. Thames</u>, 846 F.2d 200, 204 (3d Cir. 1988)

**GOV'T'S REQUEST NO. 59**

**<u>Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to
Deliberate; Communication with Court</u>**

That concludes my instructions explaining the law regarding the testimony and

other evidence, and the offenses charged. Now let me explain some things about your

deliberations in the jury room, and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be

your foreperson. This person will speak for the jury here in court. He or she will also preside over

your discussions. However, the views and vote of the foreperson are entitled to no greater weight

than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty,

must be unanimous. To find a defendant guilty of an offense, every one of you must agree that the

government has overcome the presumption of innocence with evidence that proves each element

of that offense beyond a reasonable doubt. To find a defendant not guilty, every one of you must

agree that the government has failed to convince you beyond a reasonable doubt.

Third: If you decide that the government has proved a defendant guilty, then it will

be my responsibility to decide what the appropriate punishment should be. You should never

consider the possible punishment in reaching your verdict.

Fourth: As I have said before, your verdict must be based only on the evidence

received in this case and the law I have given to you. You should not take anything I may have

said or done during trial as indicating what I think of the evidence or what I think your verdict

should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth: Now that all the evidence is in, the arguments are completed, and once I

have finished these instructions, you are free to talk about the case in the jury room. In fact, it is

your duty to talk with each other about the evidence, and to make every reasonable effort you can

to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each

other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

*[Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.]*

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

*[If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.]*

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense*(s)*.

---

3rd Circuit Model Criminal Jury Instructions, No. 3.16 (2015) (unmodified).

**GOV'T'S REQUEST NO. 60**

<u>**Verdict Form**</u>

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room. When you have reached your unanimous verdict, the foreperson should write the verdict on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the government has proved a defendant guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved a defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.17 (2015) (unmodified).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Government's Revised

Proposed Jury Instructions has been served by me, this date, by email or electronic filing upon

the following people:

Daniel Cevallos, Esquire
Peter Scuderi, Esquire
Daniel Pell, Esquire
Attorneys for defendant Dimitre Hadjiev


_____*/s K.T. Newton*_____
K.T. NEWTON
Assistant United States Attorney


DATED:  November 20, 2022