**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 29-548** |
| **DIMITRE HADJIEV** | **:** | |

## ORDER

AND NOW, this _____ day of November, 2022, the Court being advised that the government seeks to amend the Second Superseding Indictment filed on March 4, 2021 for a typographical error, it is hereby ORDERED that the motion to amend the indictment is GRANTED and defendant's motion for acquittal for Counts One through Three under Rule 29 of the Federal Rules of Criminal Procedure for failure to state the correct model number of the Rolex watch with Serial # 3192K5T0 in paragraph 4 of Count One is DENIED.

BY THE COURT:

_____
HONORABLE CYNTHIA M. RUFE
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 19-548** |
| **DIMITRE HADJIEV** | : | |

**GOVERNMENT'S MOTION TO AMEND
SECOND SUPERSEDING INDICTMENT
FOR A TYPOGRAPHICAL ERROR**

The United States of America, by and through its attorneys, Jacqueline C.
Romero, United States Attorney for the Eastern District of Pennsylvania, and
K.T. Newton, Assistant United States Attorney for the District, respectfully moves
this Court to exercise its discretion and grant its request for a technical
amendment to the Second Superseding Indictment to correct what is clearly a
typographical error and one that in no way can be seen to have prejudiced the
defendant.   The government also asks the Court to deny defendant's motion for
acquittal based on that typographical error in Count One.

After the government and defense rested their cases, more than a year after
being charged in the Second Superseding Indictment, more than 36 months after
being charged in the Superseding Indictment, and more than 38 months after
being charged in the original indictment, defendant belatedly is asking for
acquittal on Counts One through Three of the Second Superseding Indictment on
the ground that Count One contains a technical error – mistakenly stating that

one of two Rolex watches purchased by defendant from an undercover officer on April 16, 2018 was a gold Cham Rom Rolex Oyster Perpetual Day-Date 4 – Chronometer Chronergy watch, Model #M2228238-006, Serial # 3192K5T0, rather than describing the watch with the correct model number, as a gold Cham Rom Rolex Oyster Perpetual Day-Date 4 – Chronometer Chronergy watch, Model #M228238-0006, Serial # 3192K5T0.   To be clear, the model number listed for the Rolex watch at issue in the indictment is M2228238-006, while the actual model of the Rolex watch at issue is M228238-0006.   The description of the watch, including what can be seen on the watch and watch dial (gold Oyster Perpetual Day-Date) and the serial number, which can be seen on the tag accompanying the watch and to which Rolex watch examiner Ryan Volker testified at trial, is correct in the indictment.   *See* Gov't Exhibit 154-P (photograph of the watch at issue).

As the courts have recognized, amendments to an indictment are permitted when the change concerns matters of form rather than one which is substantial or material. *See, e.g., Russell v. United States*, 369 U.S. 749, 770 (1962); *United States v. Goldstein*, 502 F.2d 526,528 (3d Cir. 1976).  Indeed, where, as here, there is a typographical error in the indictment which does not prejudice the defendant, such an error may be corrected by the Court or the prosecutor. *See, e.g., United States v. Miller*, 116 F.3d 641, 669-671 (2d Cir. 1997) (noting that correction of merely technical errors, such as typographical

or clerical mistakes, is permissible where it does not alter "essential substance" of charging terms); *see also United States v. Neil*, 166 F.3d 943, 947-948 (9th Cir. 1999) (finding it permissible to change name of bank in bank robbery count after jury began deliberations); *United States v. Lim*, 984 F.2d 331, 337 (9th Cir. 1993) (allowing amendment at trial to correct error in citation of statute charged); *United States v. Kegler*, 724 F.2d 190, 193-194 (D.C. Cir.1983) (permitting amendment of indictment after first day of trial to correct first name of payee of forged check).

There can be no doubt but that the error in the indictment (dating back to the original indictment filed on September 17, 2019) is a typographical error – adding a "2" to the beginning of the model number and omitting a "0" in the second part of the serial number (M2228238-006 in the indictment v. M228238-0006 for the actual model number).   This is borne out by the photograph of the watch with its tag during the examination of that watch by Ryan Volker in November 2020, at which defense counsel was present, as well as Mr. Volker's trial testimony and the physical watch and tag admitted into evidence as Gov't Exhibit 153.

The primary inquiry for the Court is whether the amendment will change the basic theory of the offense, alter the crime charged, unfairly surprise the defendant, or create an opportunity for the government to prosecute the

defendant again for substantially the same offense. *Cf. United States v. DeCavalcante*, 440 F.2d 1264, 1271, 1272 (3d Cir. 1971).  Here, none of those fit. Indeed, the defendant and his counsel have been well aware for a significant period of time that he was charged with money laundering – sting, in connection to his purchase and sale of a Rolex watch with Serial # 3192K5T0.   A typographical error as to the model number of that watch does not change the theory of the offense, alter the crime charged, unfairly surprise Dimitre Hadjiev or his attorneys, or create an opportunity for the government to prosecute Hadjiev again for substantially the same offense,

        In *United States v. Levy,* the court addressed a similar issue where the defendant had been charged with being an unlawful alien in possession of ammunition.   440 F. Supp. 2d 162, 163 (EDNY 2006).   The indictment charged the defendant with possession of "five Winchester & Wesson .32 caliber cartridge cases."   *Id.*   During defendant's trial, the jury heard the testimony of an ATF agent who testified that the shell casings had been manufactured by Winchester in Illinois and that the ammunition was specifically called a Winchester-Western cartridge, and that there was no such thing as a Winchester & Wesson cartridge."   *Id.*   The government asked to correct the error and that the indictment be corrected to reflect the correct name of Winchester-Western. *Id.*   Defendant argued that "the error was more than a typographical error," and

4

that he was prejudiced as a result.   *Id.*

The district court, in *Levy,* first noted that "'the district court or the prosecutor may make "ministerial change[s]" to the indictment, such as to correct a misnomer or typographical errors.'"   *Id.* (quoting *United States v. Dhinsa,* 243 F.3d 635, 667 (2d Cir. 2001).   The court found, [a]s a threshold matter," that" the phrase at issue – 'Winchester and Wesson' – was merely a misnomer," that "[t]he first part of the name of the actual ammunition heard by the jury at trial – namely Winchester – and the type of ammunition charged in the Indictment is identical."   *Id.* at 164.   The court further found that it was "unlikely that the government intended to allege that the ammunition was called 'Winchester & Wesson,' where no such type of ammunition exists."   *Id.*   Most importantly, the court found that "the amendment would not prejudice the defendant," as "[t]he Indictment fully apprised him of the nature of 'the crime charged and the need to prepare a defense,' as it provided him with adequate notice of the time, specified in a narrow date range, in which the illicit possession took place," and this "specificity was sufficient to 'enable [ ] another court to determine the charge for double jeopardy purposes.'" *Id.* (quoting *United States v. McGrath,* 558 F.2d 1102 (2d Cir. 1977).[1]

---

[1]  Indeed, in *United States v. McGrath,* the Second Circuit noted that "[i]nnumerable cases have allowed amendment by the Court or the prosecutor without Grand Jury action, under circumstances similar to those of the instant case. See e.g., *United States*

The same is true here. The government did not intend to allege that the model of the Rolex watch with Serial # 3192K5T0 was M2228238-006, when no such Rolex model number exists.   There is no question that the amendment of the model number will in no way prejudice Dimitre Hadjiev, as the indictment most certainly apprised him of the nature of the crime charged in Count One and provided him with more than adequate notice.

In *United States v. Guidry,* 406 F.3d 314 (5th Cir. 2005), in a felon in possession of a firearm case, defendant argued "that there was a fatal variance because the indictment charged him with possessing a '9mm Kurz,' but evidence at trial indicated that he had a ".380-caliber pistol."   The court noted that it had "previously held, under almost identical circumstances, that the type of weapon is not *essential* to a conviction under § 922(g), such that a variance in the type of weapon charged in the indictment with the evidence adduced at trial is not a material constructive amendment that requires vacating a conviction."   *Id.* at 322.   Similarly, the model of the Rolex watch with Serial # 3192K5T0 is not

---

*v. Cirami*, 510 F.2d 69 (2d Cir. 1975) (appellants, rather than corporation of which they were officers, stated to owe tax); *Heisler v. United States*, 394 F.2d 692 (9th Cir. 1968); *Dye v. Sacks*, 279 F.2d 834 (6th Cir. 1960) (misdescription of robbery victim's name); *Williams v. United States*, 179 F.2d 656 (5th Cir. 1950), aff'd, 341 U.S. 97 (1951) (misnamed co-defendant and employer for which crime was committed); *United States v. Denny*, 165 F.2d 668 (7th Cir. 1947) (name of defendant misspelled);  *Del Piano v. United States*, 240 F. Supp. 687 (E.D.Pa.1965) (indictment charged robbery of bank insured by FDIC, which was actually insured by FSLIC), rev'd on other grounds, 362 F.2d 931 (3d Cir. 1966)."

essential to Hadjiev's conviction for Count One.

Correcting this typographical error is not a material constructive amendment to the indictment.   A substantive or "constructive" amendment occurs when the evidence presented at trial proves a crime different from any charged in the indictment.   *See, e.g. Stirone v. United States,* 361 U.S. 212, 216-17 (1960) (amendment of indictment was constructive because indictment alleged obstruction of sand importation and evidence introduced showed interference with steel exportation and, as such, violated the Fifth Amendment's Grand Jury clause); *see also United States v. Hackett,*   762 F3d 493, 502 (6th Cir. 2014) (finding constructive amendment when defendant faced increased mandatory sentence for evidence of discharging firearm while indictment only charged using and carrying firearm); *United States v. Iacaboni,* 363 F.3d 1, 7 (1st Cir. 2004) (finding constructive amendment when defendant's sentence based on concealment of money laundering theory while indictment alleged promotion money laundering).

Nor should the typographical correction here be considered a variance, as a variance occurs when the evidence at trial proves facts other than those alleged in the indictment, but the charging terms and elements remain the same.   *See, e.g., United States v. Andrews,* 681 F.3d 509, 529 (3d Cir. 2012( (finding variance because indictment alleged that communication occurred via email but evidence

at trial showed that communication occurred via facsimile).   The government

notes, however, that variances relating to discrepancies in technical, nonmaterial

elements are generally considered not prejudicial and, therefore, not fatal to an

indictment.   *See, e.g., United States v. Vosburgh,* 602 F.3d 512, 534-35 (3d Cir.

2010) (finding no fatal variance where indictment charged possession of visual

depictions of child pornography and evidence showed defendant only possessed

thumbnail files showing past possession); *United States v. Meza,* 701 F.3d 411,

424 (5th Cir. 2012) (no fatal variance when indictment charged different number

of boxes of ammunition in defendant's possession).

    In *United States v. Coleman*, 656 F.2d 509 (9th Cir. 1981), the Ninth

Circuit addressed the issue of minor or technical issues in an indictment not

raised by a defendant until the end of a trial.  In that case, the indictment

charging the defendant with robbery of a savings and loan institution failed to

charge the defendant with robbing a federally insured institution – the

indictment charged the defendant with robbery of "a savings and loan

association, all in violation of Title 18, United States Code, Section 2113(a)."

*Id.* at 510.  At trial, the jury was instructed that the government must prove

that the association was a federally insured institution.  *Id.*  After being found

guilty, Coleman moved for judgment of acquittal on the grounds that the

indictment failed to charge that the association was a federally insured

institution. *Id.* The district court granted the motion on the basis that the government had failed to prove the crime charged. *Id.*

The Ninth Circuit, quoting *United States v. Pheaster*, 544 F.2d 353 (9th Cir. 1976), noted that "'convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused,'" and held that the indictment should be liberally construed because the defendant failed to raise any objection to it until after trial. Indeed, the court cautioned that "[a] challenge to the sufficiency of the indictment is not a game in which the lawyer with the sharpest eye or the cleverest argument can gain reversal for his client." *Id.*

The court recognized that, "although such defects are never waived, indictments which are tardily challenged are liberally construed in favor of validity." *Id. See also United States v. Neil*, 166 F.3d 943, 948 (9h Cir. 1999) (amending of indictment to correct name of bank in one of the counts was not error as reference in indictment to statute under which defendant was charged made clear the crime charged and enabled defendant to prepare defense); *United States v. James*, 980 F.2d 1314 (9th Cir. 1992) (holding that defect in indictment, which failed to allege that defendant and victim were Indians, was cured by specific reference to federal statutes defendant allegedly violated); *United States v. Roberts*, 296 F.2d 198, 200 (4th Cir. 1961) (noting that purpose of indictment is to inform defendant of offense with sufficient clarity to enable him to prepare defense and holding that citation of applicable statute provided means by which

9

defendant could inform himself of element of offense if there were any doubt).

There is no question here as to whether Dimitre Hadjiev and his attorneys were well aware of all of the elements to be proven at trial for Count One. It is simply beyond belief that Hadjiev, through his trial counsel, would have presented a different defense if the indictment had been corrected to reflect the correct model number for the Rolex watch with Serial # 3192K5T0 before the start of the trial. Clearly, Dimitre Hadjiev cannot show prejudice by the mistyped model number in paragraph 4 of Count One. The government also notes that the mistyped model number of the Rolex watch with Serial # 3192K5T0 has no applicability or bearing on the charges brought in Counts Two or Three.

Accordingly, the government asks the Court to allow a technical amendment to the Second Superseding Indictment to correct paragraph 4 in Count One to reflect model M228238-0006, which is the actual model number for the Rolex watch with Serial # 3192K5T0.

WHEREFORE, the government respectfully requests that Court grant its motion to amend the indictment to correct the typographical error in the Second Superseding Indictment.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s/ K.T. Newton*
K.T. NEWTON
Assistant United States Attorneys

Dated:   November 21, 2022

11

## <u>CERTIFICATE OF SERVICE</u>

K.T. Newton, Assistant United States Attorney, represents that she caused the foregoing Government's Motion To Amend the Second Superseding Indictment for Typographical Error and proposed Order to be served by electronic filing on the Court's Electronic Case Filing system on the following counsel:

> Daniel Cevallos, Esquire
> Peter J. Scuderi, Esquire
> Daniel Pell, Esquire
> *Attorneys for defendant Dimitre Hadjiev*

> <u>/s/ K.T. Newton</u>
> K.T. Newton
> Assistant United States Attorney

Dated: November 21, 2022