# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :  CRIMINAL NO. 19-548 |
| | : |
| DIMITRE HADJIEV | : |

## GOVERNMENT'S MEMORANDUM ON FORFEITURE

The second superseding indictment, and subsequently filed Bill of Particulars, gave notice that the government will seek to forfeit proceeds, facilitating property, and property involved in the offenses charged.  By virtue of the jury's finding of guilty as to Counts 2, 3, 4 and 24 of the second superseding indictment, the government seeks forfeiture of the following:

1. The sum of $29,000 as property involved in the commission of the offense as charged in Count 2 of the second superseding indictment;

2. The sum of $17,150 as property involved in the commission of the offense as charged in Count 3 of the second superseding indictment;

3. The following assets, for which the making or trafficking of is in violation of the offense as charged in Count 4 of the second superseding indictment:

| Gov't Ex. # | Location Recovered | FBI Evidence Collection Log # / 1B# | Serial #/ Movement #/ Model # | Conclusion |
|---|---|---|---|---|
| 447 | Front Window | #3/1B7 | M972979 (not original)/ DD570855/ 18039 | Case is of Rolex manufacture; watch was a genuine Rolex watch at one point, but the dial, hands, bezel, bracelet and stones are not of Rolex manufacture |
| 411 | Front Window | #4/1B8 | F218238/ None 1162 | Entire watch is not of Rolex manufacture |
| 412 | Front Window | #5/1B9 | 3Y271430/ None/ 228235 | Entire watch is not of Rolex manufacture; attached tag has serial number E0X16901, model number 126333 |

| Gov't Ex. # | Location Recovered | FBI Evidence Collection Log # / 1B# | Serial #/ Movement #/ Model # | Conclusion |
|---|---|---|---|---|
| 413 | Front Window | #7/1B11 | 0R6J6607/ None/ 126334 | Entire watch is not of Rolex manufacture |
| 450 | Front window | #9/1B13 | M972979 (not original) | Case is of Rolex manufacture; watch was a genuine Rolex watch at one point, but the dial, hands, bezel, bracelet and stones are not of Rolex manufacture |
| 414 | Front Window | #10/1B14 | X899119/ None/ 69173 | Bracelet, hands, dial, bezel are not of Rolex manufacture |
| 415 | Front Window | #11/1B15 | F218238/ None/ 116268 | Bracelet is of Rolex manufacture, no other part is of Rolex manufacture |
| 416 | Front Window | #14/1B18 | Multiple/ None | Entire watch is not of Rolex manufacture; multiple numbers engraved on top of each other: 06241981, 6100364, 8100364, 06241981 |
| 417 | Front Window | #15/1B19 | Z754008/ None/116710 | Entire watch is not of Rolex manufacture |
| 418 | Front Window | #17/1B21 | M972979/ None/ 218239 | Entire watch is not of Rolex manufacture; tag attached serial number scratched off, model number 115200, bracelet number 72190 |
| 419 | Front Window | #18/1B22 | Z754008/ None/ 116710 | Entire watch is not of Rolex manufacture |
| 420 | Case #1 | #20/1B24 | 1727270/ 571794/ 6519 | Case and movement are of Rolex manufacture; bezel, dial, hands are not of Rolex manufacture |
| 451 | Case #1 | #22/1B26 | S163581Not original serial # | White & yellow metal Rolex Oyster Perpetual Date Just with clear stones/ Not original serial #/ dial & bezel not of Rolex manufacture |
| 421 | Case #1 | #23/1B27 | T178007/ 39599520/ 15203 | Case, movement and bracelet are of Rolex manufacture; dial, bezel, hands are not of Rolex manufacture |
| 422 | Case #1 | #25/1B29 | 1092031/ 757/6466 | Bezel, dial and hands are not of Rolex manufacture |
| 423 | Case #1 | #26/1B30 | Multiple/ 2688 None | Entire watch is not of Rolex manufacture; two numbers on watch (P2367 and 2367), 'OG POFY DESN' above them |

| Gov't Ex. # | Location Recovered | FBI Evidence Collection Log # / 1B# | Serial #/ Movement #/ Model # | Conclusion |
|---|---|---|---|---|
| 424 | Case #1 | #28/1B32 | U904120/ 5510969/ 16200 | Case is of Rolex manufacture; movement, dial, hands, bezel, bracelet are not of Rolex manufacture |
| 425 | Case #1 | #29/1B33 | 2878850/ 2739413/ 6916 | Case, back and movement watch are of Rolex manufacture with exception of serial number; all other parts watch are not of Rolex manufacture |
| 426 | Case #2 | #30/1B34 | M742138/ 2813G/ 116400 | Entire watch is not of Rolex manufacture |
| 427 | Case #2 | #31/1B35 | M742138/ None/ 116400 | Entire watch is not of Rolex manufacture; one missing hand, no crystal |
| 428 | Case #2 | #32/ | 87457 | Case and movement are of Rolex manufacture, but case has been altered; bracelet, bezel, dial, hands are not of Rolex manufacture |
| 429 | Case #2 | #33/1B37 | F218238 | Entire watch is not of Rolex manufacture; damage to threads, unable to open watch |
| 430 | Case #2 | #34/1B38 | F218238 | Entire watch is not of Rolex manufacture |
| 431 | Case #2 | #35/1B39 | M742138 | Entire watch is not of Rolex manufacture |
| 432 | Case #2 | #36/1B40 | F218238 | Entire watch is not of Rolex manufacture; tag attached has serial number is Y744806, model 16233, bracelet 62523 |
| 433 | Case #2 | #37/1B41 | M742138 | Entire watch is not of Rolex manufacture; watch has loose movement parts and the bezel is not secured |
| 434 | Case #2 | #38/1B42 | 210CG936 | Entire watch is not of Rolex manufacture |
| 435 | Case #2 | #39/1B43 | F218238 | Entire watch is not of Rolex manufacture |
| 435 | Case #2 | #40/1B44 | 3Y271280 | Entire watch is not of Rolex manufacture |
| 437 | Case #2 | #41/1B45 | F218238 | Entire watch is not of Rolex manufacture |
| 438 | Case #2 | #42/1B46 | F218238 | Entire watch is not of Rolex manufacture; attached tag has serial number 426M57F5, model number 116300, bracelet 72210 |
| 439 | Case #2 | #43/1B47 | M972979 | Entire watch is not of Rolex manufacture |
| 440 | Case #2 | #44/1B48 | M742138 | Entire watch is not of Rolex manufacture; interior case back threads not aligned |
| 441 | Case #3 | #49/1B53 | F714983 | Entire watch is not of Rolex manufacture |
| 442 | Case #3 | #50/1B54 | F432118 | Entire watch is not of Rolex manufacture |
| 443 | Case #3 | #51/1B55 | F432118 | Entire watch is not of Rolex manufacture |

| Gov't Ex. # | Location Recovered | FBI Evidence Collection Log # / 1B# | Serial #/ Movement #/ Model # | Conclusion |
|---|---|---|---|---|
| 444 | Case #3 | #53/1B57 | W673608 | Case and movement are of Rolex manufacture; face, bezel and bracelet are not of Rolex manufacture |
| 445 | Case #3 | #54/1B58 | F218238 | Entire watch is not of Rolex manufacture |
| 446 | Case #3 | #55/1B59 | M972979 | Entire watch is not of Rolex manufacture; loose bezel |

4.   The following assets, which facilitated the commission of the offense as charged in Count

4 of the second superseding indictment:

| Gov't Ex. # | Location Recovered | FBI Evidence Collection Log # / 1B# | Serial #/ Movement #/ Model # | Conclusion |
|---|---|---|---|---|
| 410 | Front Window | #2/1B6 | 031280H8/ 045311R5/ 326139 | Rolex SkyDweller sold to Hadjiev by UCO; entire watch is of Rolex manufacture; attached tag has serial number 9Z92V014, model number 116000 |
| 448 | Front Window | #6/1B10 | Serial # polished off | Yellow metal Rolex Oyster Perpetual Day Date with a tag |
| 449 | Front Window | #8/1B12 | Serial # removed | White metal Rolex Oyster Perpetual Date, serial # removed & re-engraved |
| 450 | Front Window | #9/1B13 | Serial # modified | Yellow metal Rolex Oyster Perpetual Day Date, serial # modified |
|  | Front Window | #12/1B16 |  | Audemars Piguet Royal Oak No. 17480/J16169 with clear stones |
|  | Front Window | #13/1B17 |  | Patek Phillippe Geneve with clear stones |
|  | Front Window | #16/1B20 |  | White metal Rolex Oyster Perpetual Date Just with clear stones |
|  | Case #1 | #19/1B23 |  | Yellow metal Rolex Oyster Perpetual Date Just with clear stones |
|  | Case #1 | #21/1B25 |  | Rolex Oyster Perpetual with white face |
|  | Case #1 | #24/1B28 |  | White & yellow metal Rolex Oyster Perpetual Date Just with yellow face |

| Gov't Ex. # | Location Recovered | FBI Evidence Collection Log # / 1B# | Serial #/ Movement #/ Model # | Conclusion |
|---|---|---|---|---|
| | Case #1 | #27/1B31 | | Rolex Oyster Perpetual Date Just with white metal band and face |
| | Case #2 (beneath display) | #45/1B49 | | Freeze white metal with unknown stone |
| | Case #2 (beneath display) | #46/1B50 | 3649771 | Rolex Oyster Perpetual Date Just with blue face and clear stones |
| | Case #2 (beneath display) | #47/1B51 | | Audemars Piguet Royal Oak No. 2122 102668 |
| | Case #2 (beneath display) | #48/1B52 | | Multi-colored Breitling Chronometre with unknown stones |
| | Case #3 | #52/1B56 | | Yellow and white metal Rolex Oyster Quartz Date Just |

5.     The sum of $978,266 as property involved in the commission of the offense as charged in Count 24 of the second superseding indictment.

## I.     Burden of Proof

Because forfeiture is part of sentencing, it is the government's burden is to establish the forfeitability of the property by a preponderance of the evidence.  *See United States v. Bader*, 678 F.3d 858, 893-94 (10th Cir. 2012); *United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011) ("government must establish a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence").  *See also United States v. Voigt*, 89 F.3d 1050, 1083 (3d Cir. 1996) (reaffirming reasonable doubt standard for RICO forfeiture because scope of forfeiture is greater under RICO than under section 982, but holding that the preponderance standard applies to money laundering).

## II.      The Evidence to be Considered

The Rules of Evidence do not apply in the forfeiture phase of the trial and hearsay is

admissible.  The forfeiture determination may be based on evidence already in the record and on

any additional evidence or information submitted by the parties.  Fed.R.Crim.P. 32.2(b)(1)(B).

Because hearsay is admissible in most sentencing proceedings, and the forfeiture phase of the

trial is considered a part of the sentencing process, hearsay likewise is admissible in the

forfeiture phase of the trial.  *See United States v. Smith*, 770 F.3d 628, 634 n. 12 (7th Cir. 2014);

*United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing,

less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need

only be "reliable"); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (Rule 32.2(b)(1)

allows the court to consider "evidence or information," making it clear that the court may

consider hearsay; this is consistent with forfeiture being part of the sentencing process where

hearsay is admissible).

The defendant also may not relitigate the legality of his or her conduct in the forfeiture

phase.  The only issue for the Court to determine at this stage is the nexus between the property

and the offenses of conviction.  *United States v. Warshak*, 631 F.3d 266, 331 (6th Cir. 2010).

## III.     Issues for Determination

Federal Rule of Criminal Procedure 32.2 states that the Court must determine whether the

government has established the requisite nexus between the property and the offense, and

further, if the government seeks a personal money judgment, the Court must determine the

amount of money that the defendant will be ordered to pay.  Fed.R.Crim.P. 32.2(b)(1)(A).

Further, the rule makes it clear that the issue for determination is whether the proper nexus is

shown, regardless of whether a third party may claim an interest in the property.  Fed.R.Crim.P.

32.2(b)(1)(A) (where "the government seeks forfeiture of specific property, the court must

determine whether the government has established the requisite nexus between the property and

the offense"); *United States v. Cox*, 575 F.3d 352, 358 (4th Cir. 2009); *United States v. Andrews*,

530 F.3d 1232, 1236 (10th Cir. 2008) (when the court determines the forfeitability of the

property pursuant to Rule 32.2(b)(1), it does not – "and indeed may not" – determine the rights

of third parties in the property; the ownership issue is deferred to the ancillary proceeding);

*United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) ("Upon a finding that the property

involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture

without regard to a third party's interests in the property"); *United States v. Nicolo*, 597 F.

Supp.2d 342, 346 (W.D. N.Y. 2009) (in the forfeiture phase of the trial, the court "is not to

consider potentially thorny issues concerning third party ownership of property sought to be

forfeited;" if the government establishes the required nexus to the offense, the property must be

forfeited; if the property used to facilitate defendant's money laundering offense belonged to his

wife, she will have an opportunity in the ancillary proceeding to make that claim); *United States

v. Evanson*, 2008 WL 3107332, *2 n.3 (D. Utah 2008) ("The Court does not determine

ownership issues; ownership is determined in the ancillary proceeding").  Thus, the defendant

cannot object to the forfeiture on the ground that the property belongs to a third party.  *United

States v. Rivers*, 60 F. Supp.3d 1262, *2 (M.D. Fla. 2014) ("any objection [the defendant] may

have on the basis that a third party holds an interest in forfeitable property is not his objection to

make").

IV.     **Legal Standard**

A.  Violations of 31 U.S.C. § 5324

The defendant was found guilty of Counts 2, 3, and 24, which charged failure to file

currency transaction reports ("CTRs") and structuring, in violation of 31 U.S.C. § 5324.  Title

31, United States Code, Section 5317(c) provides that when convicted of 31 U.S.C. § 5324, the

court shall order the defendant to forfeit to the government any property, real or personal,

involved in such offense, or any property traceable to such offense. [1,2]  This property is subject

to forfeiture if the Court finds that the government has proved by a preponderance of the

evidence that the property was involved in the structuring offense charged in Counts 2, 3, and 24,

for which the defendant was found guilty, or is traceable to property involved in such offense.[3]

Property that is "involved in" structuring includes:

    (1)    the money that was the subject of the transaction that constituted the structuring offense;

    (2)    any fees or commissions paid to the structurer; and

    (3)    any property used to facilitate the structuring offense.[4]

Property may be "the subject of" a structuring offense in a number of ways.  For

example, the property directly involved in the structuring offense may be the proceeds of the

---

[1] Model Criminal Jury Instructions (Third Circuit) § 6.21.853 (modified).

[2] *See* 31 U.S.C. § 5317(c).

[3] *See* 31 U.S.C. § 5317(c).

[4] *See, e.g., United States v. Shanholtzer*, 492 F. App'x. 798, 799 (9th Cir. 2012) (structuring); *United States v. Seher*, 562 F.3d 1344, 1368-69 (11th Cir. 2009) (money laundering and failure to file From 8300); *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998) (money laundering); *United States v. Tencer*, 107 F.3d 1120, 1134 (5th Cir. 1997) (money laundering); *United States v. Krasner*, 841 F. Supp. 649, 661 (M.D. Pa. 1993) (money laundering); *United States v. Eleven Vehicles*, 836 F. Supp. 1147, 1162 n.5 (E.D. Pa. 1993) (money laundering); 134 Cong.Rec. S17365 (daily ed. Nov. 10, 1988).

structuring offense; it may be property that was commingled with proceeds for the purpose of disguising the nature and source of the proceeds; or it may be property that was obtained as part of an exchange or purchase that constitutes the structuring violation for which the defendant has been found guilty.[5]

Property is "proceeds" of the structuring offense if the property is obtained directly or indirectly as a result of the commission of the structuring.[6]

Property is used to facilitate the structuring offense if the property makes the commission of the offense easier or less difficult or the property allows the offense to remain more or less free from obstruction or hindrance.[7]  Property that is used to facilitate the structuring is subject to forfeiture even if only a portion of it is used, or if it is also used for other purposes.

---

[5] *See, e.g., United States v. Seher*, 562 F.3d 1344, 1368-69 (11th Cir. 2009)(31 U.S.C. § 5317 and 18 U.S.C. § 982(a)(1) mirror each other and cover the same array of property); *United States v. McGauley*, 279 F.3d 62, 75-77 (1st Cir. 2002) (withdrawal of $243,000 from various bank accounts that contained commingled funds, of which only $55,000 was fraud proceeds, supported forfeiture of entire amount because the clean money was used to conceal or disguise the tainted funds); *United States v. Wyly*, 193 F.3d 289, 302 (5th Cir. 1999) (§ 982 - forfeiture of business based on substantial nexus to money laundering conspiracy because it was the source of the criminal proceeds and indispensable to the conspiracy); *United States v. Hawkey*, 148 F.3d 920, 927-928 (8th Cir. 1998) (§ 982 – adopts Bornfield definition of corpus, commissions or fees, and facilitating property; profit or appreciation on forfeitable property also forfeitable; property acquired with tainted and untainted funds forfeitable in its entirety); *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998) (§ 982 - "Facilitation occurs when the property makes the prohibited conduct 'less difficult or more or less free from obstruction or hindrance.'"; "forfeiture of legitimate and illegitimate funds commingled in an account is proper as long as the government demonstrates that the defendant pooled the funds to facilitate, i.e., disguise the nature and source of, his scheme."; "proof that the proceeds of the money laundering transaction enabled the defendant to acquire the property is sufficient to warrant forfeiture as property 'traceable' to the offense"); *United States v. Tencer*, 107 F.3d 1120, 1134-35 (5th Cir. 1997) (§ 982 - all funds in account forfeitable if untainted funds conceal or disguise or otherwise facilitate the laundering of SUA proceeds); *United States v. Rodriguez*, 53 F.3d 1439, 1447 (7th Cir. 1995) (non-forfeiture case - All of the funds used in a particular transaction need not be derived from drug sale proceeds to support a conviction for money laundering; purchase of house constitutes money laundering offense even though only $1,000 down payment of $17,000 purchase price was drug money); *United States v. Myers*, 21 F.3d 826, 830 (8th Cir. 1994) (§ 853/§ 982 - farm property involved in marijuana grow operation and money laundering forfeitable if laundered funds are used to make purchase payments and to pay for improvements to the property and equipment used in grow operation).
[6] *See* 18 U.S.C. § 981(a)(2)(A).
[7] *United States v. Seher*, 562 F.3d 1344, 1368-69 (11th Cir. 2009); *United States v. One 1977 Lincoln Mark V. Coupe*, 643 F.2d 154, 157 (3d Cir.1981); *United States v. Eleven Vehicles*, 836 F. Supp. 1147, 1153 (E.D. Pa. 1993).

Forfeitable property includes any property traceable to the property involved in the structuring offense.[8]  The phrase "any property traceable to" means any property that has some nexus to the property involved in the structuring offense and includes any property that can be traced to or was acquired with the structured funds.[9]

B.  Violation of 18 U.S.C. § 2320

The defendant was also found guilty of Count 4, which charged him with trafficking in counterfeit goods in violation of 18 U.S.C. § 2320.  Title 18, United States Code, Section 2323 provides that the Court, in imposing a sentence on a person convicted of 18 U.S.C. § 2320 shall order the defendant to forfeit the following property, because of the connection between this property and the defendant's commission of the trafficking offense as charged in Count 4:

1)  the property is an article, the trafficking of which is prohibited under 18 U.S.C. § 2320, or was used;

2)  the property was used, or intended to be used, in any manner or part to commit or facilitate the defendant's commission of the offense of trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320, charged in Count 4, for which the defendant was found guilty; or

---

[8] 31 U.S.C. § 5317(c)(1).
[9] *See United States v. Stewart*, 185 F.3d 112, 129-30 (3d Cir. 1999) (property was forfeitable under § 982 because the government traced the laundered funds to the defendant's bank account); *United States v. Voigt*, 89 F.3d 1050, 1087 (3d Cir. 1996) ("We hold that the term 'traceable to' means exactly what it says. In light of our holding on the burden of proof, this means that the government must prove by a preponderance of the evidence that the property it seeks under § 982(a)(1) in satisfaction of the amount of criminal forfeiture to which it is entitled has *some* nexus to the property 'involved in' the money laundering offense."); *see also United States v. Hawkey*, 148 F.3d 920, 927-928 (8th Cir. 1998); *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998) ("property 'traceable to' means property where the acquisition is attributable to the money laundering scheme" and includes property acquired with proceeds of the money laundering transaction).

3)  the property constitutes or is derived from any proceeds obtained directly or indirectly

as a result of the commission of the defendant's commission of the offense of

trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320, charged in Count 4,

for which the defendant was found guilty.[10]

Property that "was used, or was intended to be used, in any manner or part, to commit or to facilitate the commission of an offense" means property that makes the commission of the offense easier or which is used to assist in the commission of the offense.[11]   Property that was used or was intended to be used to commit or facilitate the offense is subject to forfeiture even if only a portion of it was so used, or if it was also used for other purposes.

Property is "proceeds" of an offense if the property was obtained directly or indirectly, as a result of the offense.  Property "was derived" from the proceeds of an offense if the property was obtained, directly or indirectly, using money or any other source of wealth gained as a result of the commission of the offense.

C.  Forfeiture is Mandatory

Forfeiture serves to punish the wrong-doer, deter future illegality, lessen the economic power of criminal enterprises, improve conditions in crime-damaged communities, and support law enforcement activities such as police training.  *See, e.g., Kaley v. United States*, 571 U.S. 320, 323 (2014).   Perhaps especially when crimes are motivated by a desire to make money, the criminal committing those crimes should be deprived of the proceeds of his or her crimes.  *See*

---

[10] 18 U.S.C. § 2323; *United States v. Chong Lam*, 2011 WL 1167208, *8 (EDVA 2011) (court may order forfeiture of any facilitating property used in connection with counterfeiting offense).

[11] *See, e.g., United States v. Seher*, 562 F.3d 1344, 1369-70 (11th Cir. 2009) (inventory of jewelry store made money laundering easier by giving potential buyers a large variety of jewelry options and creating a facade of legitimacy, which aided in the concealment of defendant's actions).

*United States v. Martin*, 662 F.3d 301, 309 (4th Cir. 2011) (criminal forfeiture has the purpose of depriving criminals of the "fruits of their illegal acts").

Forfeiture is mandatory in this case based on the defendant's conviction on Counts 2, 3, 4, and 24 of the second superseding indictment, pursuant 31 U.S.C. § 5324 and 18 U.S.C. § 2323.  The clear language of these statutes reflects the mandatory nature of forfeiture once the factual predicates have been met.  *See, e.g., United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied . . ."); *United States v. Castello*, 611 F.3d 116, 118 (2d Cir. 2010) ("Forfeiture is mandatory for failure to file CTRs" under 31 U.S.C. § 5317(c)); *United States v. Hernandez,* 803 F.3d 1341, 1342-44 (11th Cir. 2015) (criminal forfeiture is mandatory under § 2461(c) if the defendant is convicted of an offense for which civil forfeiture is authorized under § 981(a)(1)(C)); *United States v. Blackman,* 746 F.3d 137, 143 (4th Cir. 2014) (section 2461 makes criminal forfeiture mandatory because "shall" does not allow for discretion); *United States v. Phillips*, 704 F.3d 754, 771 (9th Cir. 2012) (district court had no discretion to refuse to impose money judgment because it thought it unnecessary); *United States v. Brummer*, 598 F.3d 1248, 1250 (11th Cir. 2010) (all criminal forfeitures are mandatory including those based on a civil forfeiture statute because 28 U.S.C § 2461(c) applies to all criminal forfeitures, and it provides that the court "shall" order the forfeiture as part of the sentence); *United States v. Johnson*, 199 F.3d 1015, 1022 (9th Cir. 1999) (criminal forfeiture is mandatory and designed to ensure that a defendant does not profit from his crimes).  Those

factual predicates are clearly met in this case, and the forfeiture of the defendant's proceeds, facilitating property, and property involved in the offenses upon which he was convicted is therefore required.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*K.T. Newton*

K.T. Newton
Assistant United States Attorney

David Weisberg
Special Assistant United States Attorney

Date: November 29, 2022

13

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Memorandum of Forfeiture has been served by me, this date, by email or electronic filing upon the following individuals:

Daniel L. Cevallos, Esquire
Peter Scuderi, Esquire
Daniel Pell, Esquire
Attorneys for Defendant Dimitre Hadjiev


*K.T. Newton*

K.T. Newton
Assistant United States Attorney


Date: November 29, 2022